Robert Anderson et al., Appellants, v. Sol Behr, Appellee.

Gen. No. 40,250.

Opinion filed February 14, 1939.

MILTON L. DURCHSLAG and RALPH M. SCHWARTZBERG, both of Chicago, for appellants.

ABRAMS, SHERMAN & LEWIS, of Chicago, for appellee; MAURICE L. LEWIS and IRVING S. ABRAMS, of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This is an action brought by plaintiffs, Robert Anderson, Joseph Wolper, Charles Zaccone, Harry Madnick and Arnold F. Owens, to recover from defendant, Sol Behr, damages for personal injuries alleged to have been sustained by them and for property damage to the automobile belonging to Arnold F. Owens, one of the plaintiffs, as the result of defendant's negligence. The record discloses that plaintiffs filed their complaint December 19, 1935; that January 29, 1936, defendant answered said complaint without raising any question concerning the legal sufficiency thereof; that when the cause was reached on the trial call, defendant presented a motion on March 30, 1938, for leave

to withdraw his answer and to file a motion to dismiss the complaint; that the sole basis for his motion to dismiss was the failure of plaintiffs to set forth in the complaint the exact date on which the accident occurred; that plaintiffs thereupon filed a motion to amend their complaint by inserting therein the date of the accident; that both motions were set down for hearing; and that on March 31, 1938, an order was entered by the trial court, which order as amended on April 1, 1938, reads: "It is ordered that defendant's motion for leave to withdraw his answer and file a motion to strike the complaint and dismiss suit granted. . . . Motion of plaintiffs for leave to file an amendment to the complaint denied. . . . Motion of defendant to strike the complaint and dismiss the suit granted. . . . Judgment entered herein in favor of defendant and against the plaintiffs, including judgment for costs and execution issue." This appeal is prosecuted by plaintiffs to reverse the order of April 1, 1938.

Plaintiffs' theory as stated in their brief is that "there is no basis in law for the dismissal of the complaint on the ground that the omission of the date of the accident from the complaint was a fatal defect; that this is particularly true when plaintiffs offered to amend the complaint by inserting the date of the accident; and that under such circumstances the trial judge erred in allowing the withdrawal of the answer and allowing defendant's motion to dismiss the complaint and in failing to allow plaintiffs to amend. The only reason the trial court might have had for dismissing the complaint was that the trial court was of the opinion that no cause of action was stated by the complaint by reason of the omission of the date of the occurrence of the accident despite the fact that the defendant, by his answer filed two years before, had admitted full knowledge of the occurrence of the accident."

Defendant's theory is that "the date of the accident is a material allegation in a complaint for personal injuries and the failure of the plaintiffs to aver such date is a fatal defect"; that "a complaint which is fatally defective by failing to set out a cause of action, cannot be amended after the running of the Statute of Limitation"; and that "the plaintiffs, having failed to set out a cause of action and the Statute of Limitation having run upon the claim or right of action, the Court properly sustained the motion to strike the complaint and properly denied plaintiffs leave to amend by inserting the date of the accident."

The principal question presented for our determination is whether the omission of the date of the accident from the complaint was so fatal that the trial court was justified in not allowing plaintiffs' amendment to insert said date and in striking the complaint rather than allowing the cause to go to trial.

No authority has been cited and we have been unable to find one which holds that it is essential in an action for damages for personal injuries predicated upon a defendant's negligence to state the date of the occurrence out of which the injuries arose. It is true that the date of the accident is usually alleged but failure to allege it, in so far as we have been able to ascertain, has never been held to render a complaint fatally defective. In passing upon what constitutes the essential allegations of a complaint in a personal injury action based upon negligence, in *Miller v. Kresge,* 306 Ill. 104, the court held at p. 106:

"A declaration should contain a clear and distinct statement of the facts which constitute the cause of action so they may be understood by the party who is to answer them. (*City of Chicago v. Selz, Schwab & Co.,* 202 Ill. 545; *Chicago City Railway Co. v. Jennings,* 157 id. 274.) In actions growing out of personal injuries it is necessary to aver and prove three ele-

ments to make out a cause of action: *First*, the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; second, a failure of the defendant to perform that duty; and third, an injury to the plaintiff resulting from such failure. (*McAndrews v. Chicago, Lake Shore and Eastern Railway Co.*, 222 Ill. 232.)''

The complaint in the instant case meets all of the requirements of the *Kresge* case and in view of the fact that defendant elected to answer same as to the merits of the cause, he should not later have been permitted to question its sufficiency, where, as here, said complaint fully sets forth the essential requirements of the cause of action.

The real difficulty with defendant's position is that he confuses this action with an action brought under the Injuries Act, in which case the complaint must include as one of its essential allegations and as a condition precedent that the suit is brought within one year from the date of the death of the deceased. Since this action was not and could not have been brought under the Injuries Act, the complaint herein need not have shown that the suit was commenced within the 2-year period of the statute of limitations applicable to this proceeding. If a defendant desires to avail himself of the statute of limitations as a defense to an action for personal injuries, he must allege such defense affirmatively and show that the suit is barred by said statute. In this case the accident occurred October 21, 1935. Plaintiffs filed their complaint within 60 days thereafter, on December 19, 1935. As heretofore shown, said complaint contained all the necessary and essential averments for a good cause of action. No motion was presented by defendant for a more specific statement of plaintiffs' claim or to strike the complaint on the ground of its insufficiency for the failure to allege the date of the accident, but on Janu-

ary 29, 1936, defendant filed a full and complete answer to the complaint in and by which he acknowledged that he knew all about the occurrence and simply denied that he was guilty of the negligence and wilful and wanton conduct charged. This was the state of the pleadings until more than 2 years later when the cause was reached on the trial call and defendant moved "for leave to withdraw the answer filed January 29, 1936, and for leave to file motion to strike complaint and dismiss suit" and "to strike complaint . . . for failure of said complaint to set forth a cause of action against the defendant." Then, as already stated, plaintiffs on the same date moved to amend their complaint by inserting therein the date of the accident, which motion was denied and defendant's motions allowed. We not only feel that it would be highly inequitable, under the circumstances presented by the record in this case, to deprive plaintiffs of a trial on the merits, but that there was no legal justification for striking their complaint. We have shown that the complaint stated a good cause of action, but, even though we assume that it was defectively stated by reason of the omission of the date of the accident, "it has long been the settled law of this state that 'a mere defect in the pleading' might be amended after the Statute of Limitations had run, without affecting the plaintiff's right to recover." *Zister v. Pollack*, 262 Ill. App. 170. "In this state there has been a studied effort to get away from so-called technicalities of the common law pleading." *Anderson v. Biesman & Carrick Co.*, 287 Ill. App. 507.

Subsection 2 of sec. 42 of the Civil Practice Act (par. 166, ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.042]), provides:

"No pleadings shall be deemed bad in substance, which shall contain such information as shall reasonably inform the opposite party of the nature of the

claim or defense which he is called upon to meet."
Defendant surely must have been informed of the
nature of the claim he was called upon to meet since
he filed a complete answer to the complaint.

Subsection 3, sec. 33, par. 157 of the Civil Practice
Act provides:

"Pleadings shall be liberally construed with a view
to doing substantial justice between the parties."

Subsection 2, sec. 46, par. 170 of the Civil Practice
Act provides:

"The cause of action, cross demand or defense set up
in any amended pleading shall not be barred by, lapse
of time under any statute or contract prescribing or
limiting the time within which an action may be brought
or right asserted, if the time prescribed or limited had
not expired when the original pleading was filed, and
if it shall appear from the original and amended plead-
ings that the cause of action asserted, or the defense
or cross demand interposed in the amended pleading
grew out of the same transaction or occurrence set
up in the original pleading, even though the original
pleading was defective in that it failed to allege the
performance of some act or the existence of some fact
or some other matter which is a necessary condition
precedent to the right of recovery or defense asserted
when such condition precedent has in fact been per-
formed, and for the purpose of preserving as aforesaid
such cause of action, cross demand or defense set up in
such amended pleading, and for such purpose only, any
such amendment to any pleading shall be held to relate
back to the date of the filing of the original pleading so
amended."

In *Metropolitan Trust Co. v. Bowman Dairy Co.*,
369 Ill. 222, in construing the last above quoted section
of the Civil Practice Act, the court said at pp. 228–230:

"Section 46 of the Civil Practice act makes several
noticeable changes in the prior statute. Presumably

the legislature knew the import of our pronouncements under the former acts, and had in mind remedial legislation to overcome and correct such statutory faults. (*Schoellkopf v. DeVry,* 366 Ill. 39; *People v. Nash,* 364 id. 224.) Section 46 of the Civil Practice act, like section 39 of the prior act as amended in 1929, consists of two paragraphs, respectively treating the same subjects. Paragraph 1, in each case, prescribes what classes of amendments may be made in any process, pleading or proceedings before final judgment. It does not deal with the subject of limitations at all. Paragraph 2, in each case, deals exclusively with the subject of limitations on the right to amend pleadings after the limitation period. It is thus apparent that both paragraphs must be considered together. Under the holdings of this court construing the prior statutes it is obvious that any amendment permitted by paragraph 1 which does not also come within the provisions of paragraph 2 of section 46, must be made within the time limited for commencing suit. To otherwise construe paragraph 1 would destroy the effect of paragraph 2, come in conflict with the limitation in the Injuries act and leave the situation the same as it was before section 46 was enacted.

"Two significant changes appear in paragraph 1. Instead of the permission, in section 39, to change the form of action, section 46 permits changing the cause of action or adding new causes of action. In place of the provision, in section 39, that the change may be made to enable the plaintiff to sustain the action for the claim intended to be brought, section 46 permits such change as may enable him to sustain the claim intended to be brought. It is further to be observed that section 42 of the Civil Practice act provides that no pleading shall be deemed bad, in substance, which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense

which he is called upon to meet. The prior acts contained no such provision nor anything equivalent thereto. While these changes do not deal with the subject of limitations, they eliminate the former requirement that the original pleading must state a cause of action and that an amendment must set up the same cause of action.

"Under paragraph 2 of section 39 it was required that the cause of action set up in the amendment not only grew out of the same transaction or occurrence, but that it must be substantially the same as set up in the original pleading. The requirement for substantial identity was omitted from paragraph 2 of section 46. The sole requirement of that paragraph is that the cause of action set up in the amendment grew out of the same transaction or occurrence set up in the original pleading. Briefly summarized, section 46 permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. The term 'same transaction or occurrence,' so used in the statute, means the same suit. These changes, together with the judicial construction of the prior statutes, evince the legislative intent to remedy the evils incident to the former legislation and to preserve causes of action against loss by reason of technical rules of pleading. This is manifest from the concluding language of paragraph 2 which specifically declares the purpose of preserving the cause of action."

In the light of this liberal construction of the section of the Civil Practice Act considered in the foregoing case and in the further light of the other quoted sections of said act, all declaring for a liberal interpretation of pleadings and pointing the way of departure from the strict construction of same and from the so-called technicalities of common law pleading, there can be no question that plaintiffs' proposed amendment to their complaint should have been allowed and that it would not have constituted a new cause of action against which the statute of limitations had run.

Even under the outmoded common law rules of pleading, "the general principle is, that in all torts and parol contracts, the day when the tort is alleged to have been committed, or the contract made, is not material; and if the defendant makes it material by his plea, the plaintiff may reply another day, and it will be no departure; and the same principle applies to a case where it becomes necessary to prove when the contract was made, and it does not agree with the time alleged in the declaration." *Little v. Blunt*, 33 Mass. 359. We are impelled to hold that plaintiffs' complaint set forth a good cause of action within the contemplation of the applicable provisions of the Civil Practice Act and furthermore that when the question as to the date of the accident was raised, their proposed amendment for the purpose of inserting said date in their complaint should have been allowed.

Such other points as have been urged and authorities cited have been carefully considered, but in the view we take of this case we deem further discussion unnecessary.

Inasmuch as the order allowing defendant's motion to strike plaintiffs' complaint and to dismiss their suit and denying plaintiffs' motion to amend the complaint was improvidently entered, the judgment of the supe-

rior court is reversed and the cause remanded with directions to deny defendant's motion for leave to withdraw his answer and to file his motion to strike plaintiffs' complaint, to deny his motion to strike said complaint, and to allow plaintiffs' aforesaid motion to amend their complaint; and that such further proceedings be had as are not inconsistent with the views expressed herein.

*Reversed and remanded with directions.*

BURKE, P. J., and FRIEND, J., concur.