City of Rochelle, Appellant, v. Sarah E. Stocking, Appellee.
City of Rochelle, Appellant, v. Esther Stocking, Appellee.

Gen. Nos. 10,277, 10,278.

Opinion filed October 14, 1948.   Rehearing denied December 16, 1948.   Released for publication December 17, 1948.

H. A. NEFF, of Rochelle, and WAYNE R. BETTNER, of Oregon, for appellant.

FEARER & NYE, of Oregon and Rochelle, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

On September 3, 1946, the City of Rochelle filed in the circuit court of Ogle county its complaint alleging that on April 1, 1935, Sarah E. Stocking executed her promissory note in the sum of $500 payable to the City of Rochelle, 60 days after date, bearing 6 per cent interest until paid, that at the same time and as a part of the same instrument she executed a warrant of attorney authorizing any attorney of any court of record to appear for her and confess judgment in favor of the holder of said note and that there is now due upon said note for principal, interest and attorney fees the sum of $899.88.   At the same time a cognovit was filed on behalf of the defendant resulting in a judgment by confession in favor of the plaintiff and against the defendant for said sum of $899.88.

Upon motion of the defendant this judgment was subsequently opened up and leave granted defendant to plead.   According to counsel for appellant there then followed in the trial court a series of procedural battles during which time the original complaint was withdrawn and an amended complaint was filed.   The first and second amended complaints were dismissed upon motion of the defendant.   On August 29, 1947, by leave of court, the city filed its third amended complaint labeled ''in chancery.''   The sufficiency of this complaint was challenged by a motion to dismiss.   The motion to dismiss was sustained and the third amended

complaint was stricken and an order entered dismissing the suit for want of equity. To reverse this order this appeal is prosecuted.

The third amended complaint consisted of two counts. Count one alleged that the plaintiff is a municipal corporation, organized and incorporated under the statutes of this State; that on or about June 20, 1932, the city council of the plaintiff city passed a resolution creating an electric light and water sinking fund account; that immediately thereafter the sum of approximately $20,031.47 in funds belonging to the plaintiff city was transferred to said account; that on June 20, 1932, and until on or about March 4, 1933, thereafter, there was in existence in plaintiff city, a national bank, known as "The Rochelle National Bank," which at the said time and place was in the business of banking; that at said time and place, and thereafter, said bank was having financial difficulties, the exact nature of which was then and is now unknown to the plaintiff; that one C. P. Unger was mayor of the plaintiff city at the said time and place, and plaintiff is informed and believes, and so states the fact to be, that the said C. P. Unger was president of said bank at the said time and place; that plaintiff is informed and believes and so states the fact to be, that the resolution above referred to, passed by the city council of the plaintiff city was part of a comprehensive and general plan to save the said bank from becoming defunct; that after the creation of the account above referred to, the said fund was used to purchase various notes and accounts then owned and held by said bank, and that choses in action of the face value of $20,031.47 were so purchased with said funds and assets; that after the creation of said sinking fund account, another account, known as the "Investment Account" was created by the city which was used for the purchase of additional notes and accounts totaling $22,183.86, from said bank, out of the funds of said city; that

plaintiff is informed and believes and so states the fact to be that on June 20, 1932, and thereafter until said bank became defunct, one Dexter Stocking, who is a brother-in-law of the defendant, was a stockholder of said bank, and was also a director of said bank and as such director had means of ascertaining the condition of said bank, and with the other directors had charge of its affairs; that plaintiff is informed and believes and so states the fact to be that at the same time and place, one Joseph Holmes, who is a brother of the defendant, was indebted to said bank in an amount not known to this plaintiff; that plaintiff is informed and believes the fact to be, that some or all of the officers of plaintiff city and the said Dexter Stocking and the defendant all knew of and participated in the aforesaid plan to prevent the said bank from becoming defunct by using assets of the plaintiff city either to buy notes owned and held by said bank, or to make loans to persons then indebted to said bank, the money from said loans to be used in paying such indebtedness, or to make loans to persons not indebted to said bank, the money so received to be used to pay the indebtedness of persons indebted to said bank; that plaintiff does not know which officers of plaintiff city participated in such plan, although plaintiff has used due diligence to procure such information; that in addition to making inquiry from its own records, officers, and third parties, plaintiff has examined the defendant, Sarah E. Stocking, her daughter, Jessie Stocking and her husband, Dexter Stocking, under oath, in accordance with the rules for taking depositions for discovery purposes, and has been unable to learn the names of officers who represented the plaintiff city in the aforesaid transactions; that on or about March 4, 1933, the said bank closed its doors to any further business with the public under federal executive order; that thereafter said bank did not re-open for the purpose of carrying on a banking business and is now, and has been

defunct for a long period of time and plaintiff believes the books and records of said bank are not available for inspection by the plaintiff. The third amended complaint then alleged that on or about April 2, 1933, the defendant, Sarah Stocking executed a $500 note to the plaintiff but plaintiff does not know the whereabouts of this note but is informed that the defendant does know its whereabouts; that plaintiff is informed and believes and so states that assets of the plaintiff in the amount of $500 were, at the time of the execution of the said note transferred by the city to pay an obligation to said bank then owing by the said Joseph Holmes; that plaintiff has been unable to learn the details of said transaction from anyone, including the defendant in this cause; that on or about April 1, 1935, credit in the amount of $500 from assets belonging to the plaintiff was transferred to the defendants by an officer of the plaintiff; that said transaction was evidenced by a promissory note, dated April 1, 1935, excuted and delivered by defendant as maker and payable to the plaintiff, as payee, in the sum of $500 with interest at 6 per cent per annum; that plaintiff is informed and believes and so states the fact to be that at the time of the said transfer of execution of said note the earlier note dated April 2, 1933, executed and delivered by defendant and payable to the plaintiff, as payee, was discharged and released by persons purporting to act on behalf of the plaintiff; that plaintiff has exercised due diligence to learn the details of said transaction but has been unable to learn such details from plaintiff's own records, officers or other parties; that plaintiff has taken the depositions of defendant, Sarah E. Stocking, and the depositions of her daughter, Jessie Stocking and the deposition of Esther Stocking's husband, Dexter Stocking, all under oath, but plaintiff has been unable to learn the details of said transactions from any of said persons. The third amended complaint then concludes that the officers of

the plaintiff who made the transfer of the assets of the plaintiff were without legal authority so to do, that plaintiff has never been authorized to lend its assets to private individuals on negotiable instruments; that defendant well knew this fact; that defendant, being a party to said transfers of assets belonging to the plaintiff, participated directly in a dissipation of public funds for non-public purposes; that plaintiff had no notice that defendants did not intend to restore to the plaintiff the assets so transferred, until on or about March 26, 1946; that by virtue of the transactions aforesaid, assets of the plaintiff were dissipated and have not been restored to the plaintiff by the defendant and that in addition, the plaintiff has lost the use of said assets during a long period of time; that plaintiff does not know the exact amount of its damage resulting from the said transaction but prays that the defendant be ordered to pay to the plaintiff as damages for the wrongful dissipation and retention of assets belonging to the plaintiff the said sum of $500 plus a reasonable amount to be fixed by the court for the use of said assets since the transfer hereinbefore set forth.

The second count of the third amended complaint alleges that on April 1, 1935, Sarah E. Stocking executed and delivered to the plaintiff her promissory note for $500 upon which there remains unpaid the said sum of $500 plus unpaid interest thereon, all as appears from the note itself and from an exact copy thereof attached to the complaint. This count demanded judgment for $500 together with interest, costs and attorney fees as set forth in the note.

Counsel for appellant insists that count one states a cause of action for damages ''for breach of a constructive trust arising from the wrongful transfer and use of city funds by an officer or agent and participated in by appellees.'' Counsel states that from the allegations of this complaint it appears that an officer

of the city transferred money belonging to the city to the bank without legal authority so to do; that the bank used the money so transferred to it to pay the obligation of Joseph Holmes and in consideration of its so doing, appellee executed her note evidencing her indebtedness to appellant. Counsel insist that the city breached its trust and conclude that appellee, having participated therein, is liable in this proceeding. In support of its position counsel call our attention to Pomeroy, Equity Jurisprudence, 5th Ed. sec. 1047, where it is said: ''By the well settled doctrines of equity, a constructive trust arises whenever one party has obtained money which does not equitably belong to him and which he cannot in good conscience retain or withhold from another who is beneficially entitled to it; as for example when money has been paid by accident, mistake of fact or fraud or has been acquired through a breach of trust.''

While the allegations of the complaint are not as clear and specific as good pleading requires, still it appears therefrom that on or about April 2, 1933, appellee executed her note to appellant and at the same time and place appellant transferred the amount evidenced by this note in order to pay an obligation to the bank then owing by Joseph Holmes. The complaint then goes on to say that on April 1, 1935, credit in the amount of these notes, from assets belonging to the city, was transferred to appellee and at that time the note of April 2, 1933, was discharged by the city and the note dated April 1, 1935, payable to appellant, was executed by appellee. From these allegations it is apparent that the bank received the money of the city and the city accepted from the defendant the note upon which judgment by confession was rendered herein in its favor on September 3, 1946. The relation of debtor and creditor therefore existed between the parties hereto. The fact that the transaction was ultra vires and that more than eleven years elapsed since

the maturity of the renewal note before the instant proceeding was commenced, are not sufficient·to authorize appellant to resort to equity and seek a recovery of money which it dissipated upon the theory that there was a breach of a constructive trust. In *Miller v. Miller,* 266 Ill. 522 at page 535 it is said that equity will not create a constructive trust for the purpose of enforcing a contract.

"The mere failure to perform an agreement or to carry out a promise, or the failure to pay a debt, cannot in itself give rise to a constructive trust, since such a breach does not in itself constitute fraud or abuse of confidence or duty requisite to the existence of a constructive trust." 54 Am. Jur. p. 171, Trusts, par. 221. The elements of a constructive trust are not here present. 54 Am. Jur. Trusts, page 167, par. 218 *et seq.* See also discussion in *Miller v. Miller,* 266 Ill. 522.

■ ■ In their statement of the case, counsel for appellant say that the original complaint, based upon a legal cause of action was withdrawn and leave was granted the plaintiff to file an amended complaint purporting to be based upon an equity theory. Notwithstanding this statement the second count of the third amended complaint is an action at law for a debt. The statute of limitations is an affirmative defense and ordinarily in an action at law the defendant must set it up in his answer. In *Burnett v. West Madison State Bank,* 375 Ill. 402, at page 408 it is said that it is a well-established principle of pleading that the statute of limitations cannot be raised by demurrer or motion to strike unless it affirmatively appears from the pleading attacked, that the cause .of action is barred by the particular section of the Limitations Act being interposed as a defense. It clearly appears from the allegations of the second count of the third amended complaint that an action at law upon this note cannot be maintained.

What we have said applies to the case of *City of Rochelle v. Sarah E. Stocking*, General Number 10277. The same questions are presented for consideration by the record in the case of *City of Rochelle v. Esther Stocking*, General Number 10278. The only difference is that the notes executed by Esther Stocking to the City of Rochelle dated April 2, 1933 and the renewal thereof dated April 1, 1935, were each for the sum of $482.40 instead of $500. Identical briefs have been filed in each case, the parties are represented by the same counsel and the record is substantially the same in both cases.

The trial court did not err in dismissing the third amended complaint in each case and the orders appealed from will therefore be affirmed.

*Orders affirmed.*