BEVERLY A. CUTSINGER, Plaintiff-Appellant, *v.* JOHN P. CULLINAN *et al.*, Defendants-Appellees.

Second District   No. 77-586

Opinion filed June 12, 1979.

528

George W. Presbrey, of Aurora, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, and Wildman, Harrold, Allen & Dixon, both of Chicago, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Beverly Cutsinger, brings this appeal from a judgment dismissing her medical malpractice complaint on the basis the action was barred by the statute of limitations. Ill. Rev. Stat. 1977, ch. 83, par. 22.1.

On October 8, 1969, defendant John Cullinan, M.D., performed gall bladder surgery on plaintiff at Copley Memorial Hospital. It is alleged in count I of the complaint that during the course of this operation a surgical sponge was negligently left in plaintiff's abdominal cavity. Count II alleges that plaintiff began experiencing severe pain and infectious reactions at the surgical site immediately after the operation, that she consulted defendant regarding this pain on numerous occasions between 1973-1976 and that during this time defendant negligently treated plaintiff by failing to order X rays and other appropriate diagnostic tests. Count III of the complaint alleges that codefendant Copley Hospital was negligent in allowing the sponge to remain undetected in plaintiff's body at the close of the operation.

Plaintiff testified in her deposition, although it is not alleged in her complaint, that X rays were finally taken on August 11 or 12, 1976, and that they revealed a sponge located near the site of her 1969 surgery. Plaintiff also testified that she was informed by Dr. Cullinan for the first time of the X ray results on September 4 and that surgery was then performed to remove the sponge on October 7 by Drs. Lampert and Cullinan. Although defendant has not acknowledged that the sponge was a product of the surgery he performed in 1969, plaintiff alleges that was the only operation she had had prior to 1976.

Plaintiff filed her complaint against Dr. Cullinan and Copley Hospital on January 13, 1977, seven years and three months after the allegedly negligent operation and approximately four to five months after discovery of the sponge. On February 10, 1977, Dr. Cullinan filed a motion to dismiss the complaint on the basis it was barred by the four-year limitation provision in section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1). Copley Hospital joined in the motion to dismiss on October 7. After a hearing on October 7, 1977, the trial court granted the motion and dismissed the complaint. This appeal followed.

The first issue to be resolved is whether the trial court applied the correct statute of limitations to this action. Section 21.1 was added to the Limitations Act in 1965 following the decision in *Mosby v. Michael Reese Hospital* (1964), 49 Ill. App. 2d 336, 199 N.E.2d 633. In applying the traditional rule that the two-year limitation period for personal injury actions begins to run when the negligent act is committed, *Mosby* held a medical malpractice suit brought six years after a surgical needle was left in plaintiff's body was barred even though the injury had only recently been discovered. Section 21.1 changed this harsh result by providing that the two-year period will not begin to run in cases involving foreign objects left in the bodies of medical patients until the patient knows or should have known of the injuries (the "Discovery Rule"). In no event, however, could an action for damages be brought more than 10 years after the allegedly negligent operation.

These terms remained a part of section 21.1 until it was amended in 1976. The amendment eliminated the reference to foreign objects and provided generally that no action for medical malpractice could be brought more than two years after the plaintiff knew or should have known of the injury. The amendment also *reduced* the maximum filing period from 10 to four years. The amendment became effective September 19, 1976. The limitation provision in existence at the time this lawsuit was filed, therefore, barred actions brought more than four years after the negligent act, whereas the provision in effect at the time of plaintiff's surgery precluded suits filed more than 10 years after the negligent act. Both versions bar actions brought more than two years after

the plaintiff knew or should have known of the injury. The motion to dismiss filed by defendants and presumably the trial court's order were based on the assumption that the version in effect at the time suit was filed governed. Because plaintiff brought this suit more than seven years after the alleged negligence, it was dismissed as barred by the four-year limitation period.

■■ Based on the record, there is some question whether the plaintiff discovered the apparent cause of her injury on September 4, 1976 (when she was informed of the X ray results), or on October 7, 1976 (when the sponge was surgically removed). The September date is 15 days prior to the effective date of the amendment to section 21.1, while the October date is 18 days after the amendment's effective date. We find it unnecessary, however, to pinpoint the exact effective date of discovery. We believe that to apply the 1976 amendment shortening the limitations period to four years in this case would unjustly deny the plaintiff's action without allowing her a reasonable time after amendment to file her action.

In the recent case of *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 166, 380 N.E.2d 782, the court restated the principle that an amendment to a statute of limitations which shortens the period of limitations will not be allowed "to terminate a cause of actions unless the party has a reasonable amount of time after the amendment's effective date in which to file his action." This requirement of a reasonable period was applied to a medical malpractice action in *Anderson v. Wagner* (1978), 61 Ill. App. 3d 822, 825, 378 N.E.2d 805. Applying this principle to the present case would preclude the use of the shortened limitation period. A September 4 discovery date gave plaintiff only some 15 days to file her complaint prior to the amendment's effective date. We find a 15-day period to be an unreasonably short time to file a medical malpractice action under the circumstances of this case. (Compare *Anderson,* where an eight-month period was found to be reasonable.) An October 7 discovery date would have allowed plaintiff no period whatsoever and thus would be a plain violation of the *Arnold* principle.

Having reached the conclusion that the 1976 amendment to the statute of limitations does not cut off plaintiff's action, there is no need to consider plaintiff's challenge to the constitutionality of this amendment of section 21.1.

■■ The defendants also argue that the complaint was properly dismissed as the action was brought more than two years after the date the plaintiff knew or reasonably should have known of her injury. While it is true that section 21.1 refers to knowledge of the "injury," the law is now clear that it is knowledge of the *negligent cause* of the injury which is controlling. (*Roper v. Markle* (1978), 59 Ill. App. 3d 706, 375 N.E.2d 934; *Kristina v. St. James Hospital* (1978), 63 Ill. App. 3d 810, 380 N.E.2d 816; *Fure v.*

*Sherman Hospital* (1978), 64 Ill. App. 3d 259, 380 N.E.2d 1376; see also Letvin, *In Search of the Spirit of Lipsey: Discovery of Malpractice and the Statute of Limitations,* 1978 S. Ill. U.L.J. 345.) Thus the fact that the defendant experienced pain and discomfort almost immediately following her original surgery does not mean that the limitations period began to run before the autumn of 1976 when she first discovered that the apparent cause of her problems was the sponge that was negligently left in her body. Plaintiff filed her action in January of 1978 which was well within the two-year limitation period as measured from the discovery that her injury was caused by the defendants' negligence.

Finally, defendant Copley Hospital asserts that the plaintiff cannot rely on the Discovery Rule because she has failed to plead the facts necessary to invoke the rule. In *Auster v. Keck* (1976), 63 Ill. 2d 485, 488, 349 N.E.2d 20, the court held that in an action for architectural malpractice brought 12 years after the alleged negligence, plaintiffs were required to plead that the defective condition remained undiscovered from the time of construction until the time of their purchase. On the basis of *Auster,* the court in *Chicago Park District v. Kenroy, Inc.* (1978), 58 Ill. App. 3d 879, 887-88, 374 N.E.2d 670, held that in an action for fraud, misrepresentation or enforcement of a constructive trust filed six years after the challenged conduct, plaintiffs had the burden of pleading that the facts supporting its cause of action were not discovered and could not have been discovered until suit was filed. In the absence of such pleading, the court held the Discovery Rule inapplicable and plaintiff's action barred by the five-year limitation period.

■■■ *Auster* and *Kenroy* are exceptions to the general rule that a plaintiff is not required to guard against the Statute of Limitations in stating his cause of action. (25 Ill. L. & Prac. *Limitations* §181 (1956); 1 Nichols, Civil Practice §245 (1976).) Even though it appears from the face of the complaint that his action is barred, a plaintiff is not required to allege or plead facts which demonstrate the action was brought within the prescribed time.[1] (*Anderson v. Behr* (1939), 299 Ill. App. 90, 94, 19 N.E.2d 428; 25 Ill. L. & Prac. *Limitations* §181 (1956); 1 Nichols Civil Practice §245 (1976).) The statute of limitations, in other words, is not at issue until it is raised by the defendant as an affirmative defense in either an answer (*City of Rochelle v. Stocking* (1948), 336 Ill. App. 6, 82 N.E.2d 693) or

---

[1] The only exception to this rule is when suit is brought to enforce a statutorily created right of action which is qualified by the requirement that suit be brought within a certain period of time (*e.g.,* actions for wrongful death, *Anderson v. Behr* (1939), 299 Ill. App. 90, 94, 19 N.E.2d 428). The limitation period in these cases is characterized as an element of the cause of action compliance with which the plaintiff must affirmatively plead. Failure to allege the action was brought within the prescribed time results in failure to state a cause of action. (1 Nichols Civil Practice §204, 245 (1976).) This exception is inapplicable here since plaintiff's action is one for common law negligence.

motion to dismiss (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(e)). Only then does it become incumbent upon the plaintiff to meet the allegations or face dismissal of his complaint. 25 Ill. L. & Prac. *Limitations* §181 (1956).

Neither *Auster* nor *Kenroy* involves actions for medical malpractice under the limitation provisions of section 21.1. This is significant in terms of pleading since the Discovery Rule has been codified in section 21.1 where it had not been in section 15 at issue in *Auster* and *Kenroy*. One of the questions in *Auster* was whether the judicially created Discovery Rule applied when the limitation statute was silent. The court avoided the issue by concluding that the rule had not been properly invoked since plaintiff failed to plead that the injury was not discovered and could not have been discovered sooner. Thus in light of the general rule discussed above, *Auster* may be read to require the pleading of Discovery Rule allegations in order to avoid the otherwise-applicable limitation period only in those cases where the rule has not been codified as part of the relevant limitation statute.

However, in the recent case of *Kielminski v. St. Anthony's Hospital* (1979), 68 Ill. App. 3d 407, 386 N.E.2d 326, the Appellate Court for the First District applied the *Auster* pleading requirement to a medical malpractice case. While we have reservations about this extension of the *Auster* exception to medical malpractice cases where the Discovery Rule has been codified, under the facts of the present case we need not decide this issue.

██ We find that plaintiff's complaint is in basic compliance with the *Auster* rule. It alleges the introduction and negligent failure to remove a foreign substance from plaintiff's body. Although the complaint contains no express allegations that the negligence could not have been discovered sooner, such a conclusion could reasonably be inferred from the nature of plaintiff's injury. By alleging in count II that defendant continued to treat plaintiff without success until October 1, 1976, the complaint suggests in effect that the injury remained undiscovered by both Dr. Cullinan and plaintiff until shortly before suit was filed. The *Auster* case need not be read to require a detailed pleading of discovery. In *Auster* the court found that the complaint was "entirely consistent with the existence of full knowledge" of the defendants' negligence. (63 Ill. 2d 485, 488.) The complaint here, however, contains sufficient allegations that there was no prior knowledge of the negligence of the defendants.

██ There is yet another reason why the dismissal of this action should not be sustained on the basis of a failure to plead discovery of the injury. Defendant hospital failed to raise this pleading issue in its motion to dismiss. While it is true that a reviewing court may affirm a judgment on any basis appearing in the record even if the ground was not ruled upon by the trial court (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147,

324 N.E.2d 417; *Vendo Co. v. Stoner* (1974), 58 Ill. 2d 289, 307, 321 N.E.2d 1), to do so on the basis of a correctable pleading defect would be unfair. Had the defendants raised pleading requirements as part of their motions before the trial court (Ill. Rev. Stat. 1977, ch. 110, par. 45), plaintiff, in all likelihood, would have been granted leave to amend its complaint. Ill. Rev. Stat. 1977, ch. 110, par. 46.

We hold that the trial court erred in allowing the 1976 amendment shortening the statute of limitations to cut off plaintiff's action, that the action was filed within two years of the discovery of a negligently caused injury, and that plaintiff's complaint contains sufficient pleading of the Discovery Rule. Thus we reverse the judgment of the Circuit Court of Kane County.

Reversed and remanded.

GUILD, P. J., and NASH, J., concur.