THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* KEITH SMITH *et al.*, Defendants-Appellees.

(No. 12331; ■■■■■■■■)

Fourth District—October 3, 1974.

Richard J. Doyle, State's Attorney, of Danville (John R. McClory, Assistant State's Attorney, of counsel), for the People.

John M. Bookwalter, of Danville, for appellee Smith.

Joseph P. Skowronski, of Danville, for appellee Cole.

Horace E. Gunn and Robert Z. Hickman, both of Danville, for appellee English.

William E. Nelson, of Hoopeston, for appellee Jurszak.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The circuit court of Vermilion County dismissed a one-count indictment charging the defendants with the offense of conspiracy to commit perjury. We affirm.

The indictment in this case is based upon the use by the defendants of "Affidavit and Application for Ballots by Physically Incapacitated Elector and Affidavit of Attending Physician." (Ill. Rev. Stat. 1971, ch. 46, pars. 19—2 and 19—3.) Defendant Smith was charged with directing one McDowell to take a pad of such forms to the defendant English, a medical doctor, and obtain his signature on such forms as attending physician; that the physician's affidavit stated that he had examined the person named in the application and that he verily believed that such person would be physically incapable of being present at the polls on election day; that the defendant Cole received various such affidavits executed and partially executed and bearing the signature of the defendant doctor and then did sign her name and affix her seal in her capacity as a notary public when she knew that the statement of the doctor over his signature was false and knew that the form would be used to obtain a valid ballot to be used in the primary election; that the defendant Helen Jurszak then took these applications together with bal-

lots and incapacitated ballot envelopes and obtained the signatures of various and sundry people on the application and on the incapacitated ballot envelope when she well knew that no physical examination had been made of the elector by the doctor and well knew that the form would be notarized and used for obtaining a valid ballot to be voted at the election.

The defense asserts that nowhere in the indictment does it charge inferentially or otherwise that the doctor was sworn or affirmed when he affixed his signature to the application and that he at no time appeared before anyone authorized to administer oaths. The defense in short is no oath, no perjury, no conspiracy. The facts charged in the indictment, if true, portray reprehensible and morally indefensible conduct on the part of these defendants and a studied course of conduct to frustrate the election laws and contaminate the election process. This, however, cannot *per se* be the stepping stone for a sufficient indictment for conspiracy to commit perjury.

■■ Conspiracy is defined in Section 8—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 8—2), in part as follows: "(a) Elements of the offense. A person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense." Under section 32—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 32—2), perjury is defined as "A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true." The statute under the Criminal Code is substantially the same and was incorporated by reference in section 29A of the Election Code. (Ill. Rev. Stat. 1971, ch. 46, par. 29A—3.) All of article 29A entitled "Penalties" was repealed effective October 1, 1973. (Ill. Rev. Stat. 1973, ch. 46, par. 29—1.) It should be here noted that in section 29—10 of such statute referring to perjury, the word "certificate" was added in 1973 and provided therein that any person who makes a false statement material to the issue or point in question, which he does not believe to be true, in any affidavit, *certificate,* or sworn oral statement required by any provision of this Code, shall be guilty, etc. Thus, at the time of the indictment in this case, a "certificate" even though false was not perjury under the Election Code and was not made perjury until the effective date of the present statute on October 1, 1973. Until that date, therefore, a "certificate" by a physician of incapacity was not required to be under oath or affirmation. Since no oath or affirmation was taken by the doctor here, and since no such oath or affirmation was required by the Election Code at the time he signed the blank certificate, it seems

clear that the indictment does not bring any of the defendants within the statute defining perjury. It should also be noted that section 19—1 of the Election Code as it was in 1971 required the attending physician's "certificate" of incapacity of the voter but did not require that that certificate be given under oath or affirmation. Thus the present indictment states no facts which are in violation of section 32—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 32—2), and it was not until October 1, 1973, that a false certificate of the attending physician was defined as perjury in the Election Code. The indictment merely charges a conspiracy to do acts which did not as a matter of law constitute perjury. Without a valid substantive crime, a necessary element of conspiracy is missing.

■■ Since it is conceded that the doctor appeared before no one authorized to administer oaths, it is apparent that the blank certificate is not an affidavit. "An affidavit is simply a declaration, on oath, in writing sworn to before some person who has authority under the law to administer oaths. A writing which does not appear to have been sworn to before any officer does not constitute an affidavit." (2 I.L.P. *Affidavits* § 2, at 648 (1953).) In 29 I.L.P. *Perjury* § 15 (1957), at pages 529-530, it is stated: "In order to constitute the offense of perjury, the false testimony must have been given under the sanction of an oath *administered* by some one having legal authority to do so." (Emphasis supplied.) There is no such allegation in this indictment that such was done or that such was ever intended.

Assuming without deciding that the doctor's signature on the blank form could be said to be a "certificate" of incapacity, we would point out that under the statute as it existed in 1971 such a false certificate was not perjury either under the Election Code or under the Criminal Code. Such a certificate today would be perjury as now defined in the Election Code. Neither could it be an offense under the Criminal Code because no oath or affirmation was required by the Election Code on an attending physician's certificate of incapacity prior to October 1, 1973.

■ It is of course true that conspiracy to commit perjury does not need to be as specifically stated or established as perjury itself. Perjury, however, is different from other crimes for the simple reason that it is an offense which "can be committed only by the use of words; the words used are both the offense and the means by which the offense is committed. Perjury thus differs from burglary, for example, in which the validity of the indictment does not depend on whether the unlawful entry was through the front door, the rear door or a window, and from murder, in which the validity of the indictment does not depend on whether the victim was killed by strangulation, by stabbing or shooting."

(*People v. Aud,* 52 Ill.2d 368, 370-371, 288 N.E.2d 453.) These latter offenses are sufficiently charged by using the language of the statute creating the crime. Not so in perjury where the means used are integral parts of the offense as they necessarily are in perjury and must be stated. The alleged object of a conspiracy may not be charged as a substantive crime in the words of the statute and may not be so charged as the object of a conspiracy. *People v. Isaacs,* 37 Ill.2d 205, 226 N.E.2d 38.

■■ We took with this case a motion by the State to supplement the record by attaching a copy of the blank affidavits to the indictment as an exhibit. The motion is denied as the circuit clerk states it was not attached to or filed with the indictment as originally filed in the clerk's office and its substance is sufficiently alleged in the indictment.

We necessarily conclude that the indictment does not state a cause of action and that the action of the trial judge in dismissing the indictment was correct.

Affirmed.

TRAPP and SIMKINS, JJ., concur.