LAWRENCE KOHLS, Plaintiff-Appellant, v. MARYLAND CASUALTY COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 85—2428

Opinion filed May 20, 1986.

Stephen P. Carponelli, Gregory A. Adamski, and Richard B. Edelman, all of Chicago, for appellant.

Clausen, Miller, Gorman, Cafrey & Witous, P.C., of Chicago (James T. Ferrini, Mayer Goldberg, and Richard A. Buchanan, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals from an adverse summary judgment in an action to enforce an insurance contract. The issue presented is whether

plaintiff was a general partner of Shelter Management XVI and thereby had standing to bring this action.

Saul Azar and Albany Bank and Trust Co. held the beneficial interest in a land trust (No. 23727 through Exchange National Bank) consisting of a 44-unit apartment building at 6916 North Lakewood in Chicago. Azar insured the property with defendant, Maryland Casualty Co. (Maryland) for $850,000 on June 12, 1982. On September 4, 1982, the building burned allegedly causing $166,971.50 in damages.

On December 15, 1982, the property was sold to Shelter Management XVI (Shelter Management), an Illinois limited partnership, with plaintiff, Lawrence Kohls, signing as Shelter Management's agent. The purchase price was $250,000, and Azar also assigned all rights under the insurance policy to Shelter Management.

Shelter Management was formed to manage the Lakewood Avenue building. The certificate of limited partnership identified Kohlog Realty Corp. (Kohlog) as the sole general partner but did not identify the limited partners. Kohlog is an Illinois corporation wholly owned by Kohls, according to an unsigned and unnotarized affidavit.

Both Azar and Kohls made numerous claims for the $166,971.50 in fire damages which Maryland refused to pay. On February 24, 1984, Azar and Kohls sued Maryland to enforce the contract. Maryland answered on March 29, 1984, denying that plaintiffs' losses had been substantiated and that its claim procedures had been followed, and raising six affirmative defenses predicated upon specific provisions in the insurance contract.

On November 15, 1984, Azar was voluntarily dismissed and Kohls was given leave to file an amended complaint, which he did as agent for Shelter Management. On May 15, 1985, Maryland filed a motion for summary judgment premised on Kohls' lack of standing to bring suit, which the circuit court granted on July 10, 1985. Kohls appeals.

On appeal, Kohls contends that the circuit court erroneously granted summary judgment premised on his not being a general partner of Shelter Management arguing that whether or not he was a general partner presented a triable issue of material fact. Ill. Rev. Stat. 1983, ch. 110, par. 2—1005.

Section 26 of the Uniform Limited Partnership Act (Ill. Rev. Stat. 1983, ch. 106½, par. 44 *et seq.*) (Act), which never before has been construed upon review by an Illinois court (but see *Elston Investment, Ltd. v. David Altman Leasing Corp.* (7th Cir. 1984), 731 F.2d 436, 438-39), provides (Ill. Rev. Stat. 1983, ch. 106½, par. 69):

"A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where

the object is to enforce a limited partner's right against or liability to the partnership."

■ The determination of whether a party has standing to sue is a question of law and it is, therefore, properly a matter for the court to decide. (*People ex rel. Lee v. Kenroy, Inc.* (1977), 54 Ill. App. 3d 688, 690-91, 370 N.E.2d 78.) In the case *sub judice*, the court did not err. Kohls concedes that he is required to be a general partner of Shelter Management in order to proceed with the action; he contends, however, that there is a sufficient factual basis for inferring that he is a general partner.

■ Kohls bases his argument on the jurat to the limited partnership certificate and his own countervailing affidavit in the summary judgment proceedings. The jurat provides:

"I, Lawrence A. Kohls or Kohlog Realty Corp., the General Partner of SHELTER MANAGEMENT XVI[,] being first duly sworn, state that I read the foregoing certificate, and know the contents thereof and that the same is true.

KOHLOG REALTY CORP.
L.A. Kohls (s)
Lawrence A. Kohls
Not Personally"

The jurat to the limited partnership certificate carries virtually no weight in light of the provisions of the certificate itself. The certificate expressly lists only one general partner, Kohlog Realty. Additionally, the certificate is signed by the general partner:

"GENERAL PARTNER:
KOHLOG REALTY CORP.
By: L.A. Kohls (s)
Lawrence A. Kohls
Not Personally"

Significantly, Kohls' signatures on both the jurat and the certificate itself are qualified as "Not Personally." Contrary to Kohls' contentions, there is no indication that he intended himself to individually be a general partner of Shelter Management. Rather, the structuring of the limited partnership and the corporation indicate that Kohls was attempting to avoid status as a general partner, especially when considered in light of his signature disclaimers.

The affidavit which Kohls submitted with his answer to the motion for summary judgment, states:

"I [Lawrence Kohls] personally and individually act as the general partner of Shelter Management XVI in that I make all decisions regarding the purchase, sale, and financing of the prop-

erty held by Shelter Management XVI."

Kohls' putative affidavit is not signed, sworn to or notarized and fails as an affidavit. *Manuel v. McKissack* (1978), 60 Ill. App. 3d 654, 657, 377 N.E.2d 219; *People v. Smith* (1974), 22 Ill. App. 3d 377, 380, 317 N.E.2d 300.

■ Although, arguably, the action should have been dismissed in accordance with section 2—619(a)(2) of the Code of Civil Procedure, which provides for dismissal if "the plaintiff does not have legal capacity to sue" (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(2); *Nordland v. Poor Sisters of St. Francis Seraph of Perpetual Devotion* (1954), 4 Ill. App. 2d 48, 53, 123 N.E.2d 121; *Beagley v. Andel* (1978), 58 Ill. App. 3d 588, 590, 374 N.E.2d 929, *cert. denied* (1979), 440 U.S. 917, 59 L. Ed. 2d 467, 99 S. Ct. 1235), whether considered under section 2—619 or 2—1005, there are no facts supporting Kohls' contention that he is the general partner of Shelter Management. A judgment may be sustained upon any ground warranted, whether relied upon by the circuit court or whether the reason given by the circuit court was correct. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9.

Accordingly, the judgment of the circuit court must be affirmed.

Affirmed.

BILANDIC, P.J., and STAMOS, J., concur.