YOLANDA KIRBY, Plaintiff-Appellant, v. THEODORE JARRETT, Defendant-Appellee.

First District (3rd Division) No. 1—87—1598

Opinion filed October 4, 1989.

Gerald M. Sachs & Associates, Ltd., of Chicago (Richard J. Aronson, of counsel), for appellant.

Gessler, Flynn, Laswell, Fleischmann, Hughes & Socol, Ltd., of Chicago (John K. Hughes, William P. Jones, and Patricia A. Felch, of counsel), for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Yolanda Kirby (Kirby), appeals from orders of the trial court granting the motion of defendant, Theodore Jarrett, M.D. (Jarrett), to dismiss count II of plaintiff's amended complaint based on a statute of limitations defense; and denying plaintiff's motion for reconsideration. Plaintiff's amended complaint sounds in medical negligence against Jarrett and other defendants and alleges that plaintiff sustained a perforated uterus as a result of an abortion performed upon her. On appeal plaintiff asserts that dismissal of count II was improper since a question of fact exists regarding when she knew or should have known of the injury and its wrongful cause.

For the reasons stated below, we reverse the judgment of the circuit court and remand this matter for further proceedings.

Plaintiff's original two-count complaint named Carlos Baldoceda, M.D. (Baldoceda) and Biogenetics, Ltd. (Biogenetics), as defendants. Count I alleged that Biogenetics negligently provided medical services to plaintiff when she underwent the abortion at defendant's clinic on October 23, 1982. Allegedly, Biogenetics failed to provide proper treatment when it knew or should have known that plaintiff had suffered a perforated uterus. Count II alleged that Baldoceda negligently performed the abortion procedure and failed to provide proper postoperative care.

Defendant Baldoceda proposed written interrogatories upon plaintiff. Plaintiff's answers to two of the interrogatories are at issue in this appeal. Interrogatory number 5 provides, "State, in lay terms, the nature of your injury as you saw it and when you first became aware of it." Plaintiff responded, "Incomplete abortion and perforated uterus." Interrogatory number 6 states, "If anyone ever advised you that you were injured in this incident and/or that the injury was wrongfully caused, state who told you this and when it was told to you." Plaintiff answered, "Dr. C. Wong [sic] at South Shore Hospital. Told this when admitted to South Shore Hospital on 10/23/82."

Baldoceda subsequently was dismissed from the action upon his motion for summary judgment, since he did not perform the abortion

procedure. Plaintiff filed an amended complaint, naming Biogenetics, in count I, and appellee Jarrett, in count II, as defendants. The amended complaint alleges that Jarrett negligently performed the abortion on plaintiff. Specifically, plaintiff alleges that Jarrett, among other things, negligently perforated plaintiff's uterus and failed to provide proper post-operative care when he knew or should have known that he perforated the uterus and caused uncontrolled hemorrhaging.

Jarrett filed a motion to dismiss count II, asserting that the amended complaint was not timely filed. Jarrett asserted that the amended complaint alleges that plaintiff received the medical treatment on October 23, 1982. Further, plaintiff's answers to the interrogatories of Baldoceda indicate that plaintiff knew of the alleged injury on October 23, 1982. Yet, plaintiff failed to file the amended complaint, in which she named for the first time Jarrett as a defendant, until October 24, 1984, one day after the expiration of the limitations period set forth in section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—212).

Plaintiff filed an affidavit in response, indicating that she lacked knowledge of a perforated uterus until October 26, 1982. The affidavit states that on October 23, 1982, plaintiff went to Biogenetics for an abortion. Later that day she went to South Shore Hospital complaining of severe pain. After being examined, she was advised that she possibly had an incomplete abortion. Dr. Wang told her on October 26, 1982, after surgery, that she had a perforated uterus that had occurred during the abortion. The affidavit also states that plaintiff's answers to the interrogatories of Baldoceda indicate that she understood the interrogatory language "injured in this incident" to mean her possible incomplete abortion.

Plaintiff's counsel filed an affidavit, in which he stated that he received a true and correct copy of the record from South Shore Hospital regarding plaintiff, and that attached to the affidavit are true and correct copies of the emergency room/out-patient record of October 23, 1982; a history and impression of Dr. Wang of October 25, 1982; and Wang's report of surgery of October 26, 1982.

The trial court granted the motion to dismiss with prejudice. Plaintiff filed a motion for reconsideration and an affidavit of Wang. Wang's affidavit states that on October 23, 1982, he made an initial diagnosis of "possible incomplete abortion." On October 26, 1982, Wang discovered a perforated uterus while performing exploratory surgery. After October 26, 1982, Wang informed plaintiff that she had suffered a perforated uterus during the abortion. In addition to filing

a motion to reconsider, plaintiff requested leave to file a second amended complaint to allege a "discovery" date of the injury and its wrongful cause, pursuant to section 13—212 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—212). On April 16, 1987, the trial court denied plaintiff's motion to reconsider.

On appeal plaintiff initially asserts that the trial court improperly granted the motion to dismiss since a fact question exists regarding the date on which plaintiff knew or should have known of the injury and its wrongful cause. The trial court allegedly relied solely on plaintiff's answers to Baldoceda's interrogatories in granting appellee's motion. Plaintiff asserts that the interrogatory regarding when plaintiff learned of the injury and/or its wrongful cause is confusing in that it is stated in the alternative (and/or). Plaintiff contends that the interrogatory and answer are unclear whether, on October 23, 1982, plaintiff was told only of the injury; only of a wrongful cause; or of both the injury and its wrongful cause. Plaintiff contends that she could not have known of the wrongful cause of the injury until she learned of the perforated uterus after the surgery of October 26, 1982.

Although the motion to dismiss does not cite specifically to the Code of Civil Procedure, the parties agree that the motion was properly filed pursuant to section 2—619 (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). With regard to a section 2—619 motion, the parties may file affidavits, counteraffidavits, interrogatories, documents and deposition transcripts, and may call witnesses at a hearing before the trial judge. (*Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 387 N.E.2d 878.) The defendant has the burden of proving the affirmative defense relied upon in the motion to dismiss. (*Meyer*, 70 Ill. App. 3d at 114.) Where, however, the plaintiff is seeking to come within the "discovery" exception to the statute of limitations, plaintiff has the burden of proving the date of discovery. *Blair v. Blondis* (1987), 160 Ill. App. 3d 184, 513 N.E.2d 157.

Section 13—212 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—212) sets forth the "discovery" rule. That section provides that a medical malpractice action must be brought within "2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the injury." See also *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450.

Plaintiff asserts that the amended complaint contains facts from which it can reasonably be inferred that plaintiff could not have "discovered" the injury or its wrongful cause until Dr. Wang performed exploratory surgery on October 26, 1982. Plaintiff cites *Cutsinger v.*

*Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177, in which the court held that a complaint containing no express allegations that the alleged medical negligence could not have been discovered during the limitations period, nevertheless supported such a conclusion based on a reasonable inference regarding the nature of the plaintiff's injury. (*Cutsinger*, 72 Ill. App. 3d at 532.) Defendant responds that in the instant case, plaintiff failed properly to invoke the "discovery rule" of section 13—212. Plaintiff replies that, in any event, defendant waived any argument regarding a pleading defect—such as that plaintiff failed to allege the discovery rule—by failing to raise the issue in the trial court.

■ For purposes of a section 2—619 motion, all well-pleaded facts and reasonable inferences are taken as true. (*Etten v. Lane* (1985), 138 Ill. App. 3d 439, 485 N.E.2d 1177.) Conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest may not be admitted. (*Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 387 N.E.2d 878.) Generally, the trial court should grant the motion where the record establishes that a genuine and material question of fact does not exist. *Meyer*, 70 Ill. App. 3d at 114.

■ Where a section 2—619 motion has been filed and there is no jury issue or demand involved, and genuine disputed questions of fact are present, the court may either: (1) deny the motion without prejudice to the right to raise the subject matter of the motion by answer; or (2) hear and determine the merits of the dispute based upon the pleadings, affidavits, counteraffidavits, and other evidence offered by the parties. (*Etten v. Lane* (1985), 138 Ill. App. 3d 439, 485 N.E.2d 1177.) When the second approach is taken, the reviewing court must review not only the law but also the facts, and may reverse the trial court order if it is incorrect in law or against the manifest weight of the evidence. *Etten*, 138 Ill. App. 3d at 443.

In the instant case, the trial court had before it the pleadings, affidavits, and discovery answers. Plaintiff asserts that a genuine issue of material fact exists as to when she knew or should have known of the injury and its wrongful cause. This court therefore must determine whether the trial court's determination was incorrect as a matter of law or contrary to the manifest weight of the evidence.

■ Initially, we note that the parties dispute whether or not a valid jury demand exists. Plaintiff asserts that a jury demand was on file, since defendant Baldoceda had filed a jury demand even before appellee Jarrett was made a defendant. Defendant contends that there was no valid jury demand on which plaintiff could rely. Section 2—1105(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch.

14

110, par. 2—1105(a)) requires that a plaintiff who desires a trial by jury file a jury demand when the action is commenced. Section 2—619(c) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(c)) further requires that a party opposing a section 2—619 motion timely file a jury demand if the action is one in which the party is entitled to a jury trial.

In the instant case, plaintiff, the party opposing the motion, failed to request a jury demand when her action was commenced or at any other time. Since plaintiff failed to file a jury demand, plaintiff waived a trial by jury. Therefore, even if the trial court found that a fact question remained regarding when plaintiff "discovered" her injury and its wrongful cause, the court could properly determine the motion without submitting any questions to a jury.

The injury for which the plaintiff is seeking damages is a perforated uterus. Plaintiff's amended complaint alleges that Dr. Jarrett negligently failed to perform the abortion by, among other things, negligently perforating the plaintiff's uterus and causing uncontrolled hemorrhaging. Plaintiff's affidavit indicates that plaintiff developed symptoms of severe abdominal pain on October 23, 1982, and was told by a physician on the same day that she had a possible incomplete abortion and would require further examination. Plaintiff indicated that she did not know prior to October 26, 1982, that she had a perforated uterus. Further, Dr. Wang states in his affidavit that on October 23, 1982, he made an initial diagnosis of possible incomplete abortion. Wang did not discover the perforated uterus until after he performed exploratory surgery on October 26, 1982. Plaintiff's answers to the interrogatories of Baldoceda indicate that plaintiff learned of the "injury" of an "incomplete abortion and perforated uterus" and/or its "wrongful cause" on October 23, 1982. The affidavits of plaintiff and Dr. Wang, however, indicate that plaintiff could not have learned of the perforated uterus until October 26, 1982. The record indicates that plaintiff did not know, nor could she reasonably have known, that she had a perforated uterus on October 23, 1982. Further, we find that the allegations of plaintiff's amended complaint, including the nature of the injury suffered, sufficiently support the reasonable inference that plaintiff did not know or could not have known of the perforated uterus until October 26, 1982. (*Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177.) Accordingly, we find that the trial court improperly granted the motion of Jarrett to dismiss count II of plaintiff's amended complaint.

We will address other arguments raised by the parties in this appeal. The parties dispute whether plaintiff's answers to Baldoceda's interrogatories numbers 5 and 6 constituted binding judi-

cial admissions that she knew of the injury and its wrongful cause on October 23, 1982. Statements provided in answers to interrogatories are properly considered by the trial court on a section 2—619 motion to dismiss. (See *Sierens v. Clausen* (1975), 60 Ill. 2d 585, 328 N.E.2d 559; 107 Ill. 2d Rules 212(a)(4), 213(f).) A judicial admission is a deliberate, clear, unequivocal statement by a party regarding a concrete fact within that party's peculiar knowledge. (*Hansen v. Ruby Construction Co.* (1987), 155 Ill. App. 3d 475, 508 N.E.2d 301 (*Hansen I*).) The information upon which the admission is based must be uniquely within the personal knowledge of the person making it. (*Hansen v. Ruby Construction Co.* (1987), 164 Ill. App. 3d 884, 518 N.E.2d 354 (*Hansen II*).) In the instant case, Dr. Jacob, the physician who initially examined plaintiff after the abortion, and Dr. Wang, who apparently also spoke to plaintiff after the abortion on October 23, 1982, would also have knowledge regarding whether plaintiff was told of the possible perforation of the uterus on that day. Therefore, we cannot hold that plaintiff's statement regarding the nature of the injury or its wrongful cause constitutes a judicial admission.

 Further, appellee contends that the affidavits of plaintiff and her attorney were insufficient as a matter of law. Defendant asserts that since the affidavits are not notarized, they fail to show affirmatively that the affiants, if sworn as witnesses, could competently testify to the information contained in the affidavits. Further, information regarding the truth and correctness of the medical records were not within the personal knowledge of plaintiff's counsel. Defendant contends that the requirements of Supreme Court Rule 191 therefore have not been met.

In the instant case, defendant Jarrett failed to raise the issue of the sufficiency of the affidavits in the trial court, and therefore, has waived it on appeal. (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 415 N.E.2d 397.) Assuming that the issue has been preserved on appeal, we find that the requirements of Rule 191(a) (107 Ill. 2d R. 191(a)) have been met. The affidavits sufficiently show that plaintiff and her counsel, if called as witnesses, could competently testify to the contents of their affidavits. Where it affirmatively appears from the whole of the document that the affiant could competently testify to the contents of the affidavit at trial, then technical insufficiencies in the affidavit should be disregarded. (*Mount Prospect State Bank v. Forestry Recycling Sawmill* (1980), 93 Ill. App. 3d 448, 459, 417 N.E.2d 621; *LaMonte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 701, 355 N.E.2d 70.) Regarding the personal knowledge of plaintiff's counsel regarding the contents of his affidavit, we find that counsel

could competently testify that he received a copy of the medical records available at the hospital.

For the foregoing reasons, we reverse the judgment of the circuit court and remand this matter for further proceedings.

Judgment reversed and cause remanded.

RIZZI and CERDA, JJ., concur.