_In re_ MARRIAGE OF HULDA LOUISE LEWIS, Petitioner-Appellee, and WILLIAM LEWIS, Respondent-Appellant.

Fifth District   No. 5—90—0197

Opinion filed May 29, 1991.

WELCH, J., dissenting.

Judith A. Rau and Larry J. Keller, both of Rau & Rau, of Columbia, for appellant.

Blake Weaver, of Strellis, Nester, Faulbaum & Field, of Waterloo, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

■ Personal jurisdiction over an out-of-State resident is dependent upon strict compliance with section 2—208 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—208; *Wells v. Braxton* (1967), 82 Ill. App. 2d 354, 227 N.E.2d 137). Where there has not been strict compliance, there is no personal jurisdiction.

Section 2—208(b) requires in part that:

"[a]n affidavit of the server shall be filed stating the time, manner and place of service. The court may consider the affidavit, or any other competent proofs, in determining whether service [was] properly made." Ill. Rev. Stat. 1989, ch. 110, par. 2—208(b).

In this case, the purported affidavit of service was not signed, and no "other competent proof" was presented. Therefore, the circuit court lacked personal jurisdiction over the respondent.

Petitioner, a resident of Illinois, filed for dissolution of marriage from her husband, the respondent, a resident of Kentucky. Petitioner sent a summons to the Warren County, Kentucky, sheriff's department requesting that the sheriff serve respondent and complete and return the summons and an affidavit. The summons and affidavit are reproduced in an appendix to this opinion.

■ Deputy Sheriff Flora did not sign the affidavit of service. (See Appendix C.) Without the signature of the one who purportedly completed the out-of-State service, there can be neither an affidavit, nor proof of service, nor personal jurisdiction. See *Wells v. Braxton* (1967), 82 Ill. App. 2d 354, 227 N.E.2d 137 (stating that no personal jurisdiction exists over an out-of-State resident absent strict compliance with section 2—208); see also *Kohls v. Maryland Casualty Co.* (1986), 144 Ill. App. 3d 642, 494 N.E.2d 1174.

Petitioner argues that an affidavit is not necessary in this case, because there was "other competent proof" of service permitted by section 2—208, thereby allowing the circuit court to assert jurisdiction over respondent's person. The "proofs" that petitioner relies upon are: (1) the stamp, "Received Jerry Gaines, Sheriff, Warren County, Ky.," appearing on the face of the summons (see Appendix A); (2) the printed notation on the bottom of the summons which states, "Served William Harold Lewis on the 19th day of October, 1989 By T. Flora No. 406 D.S." (see Appendix A); (3) the check mark on the reverse side of the summons (see Appendix B); and (4) the partially handprinted words, "Jerry Gaines, Sheriff of Warren County. By: T. Flora, (Deputy)" (see Appendix B).

Petitioner cites *In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 494 N.E.2d 541, and *Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 430 N.E.2d 1104, to support his claim of effective service of process. Both are distinguishable from the case at bar.

In *Passiales*, the court found that service of process was proper despite no affidavit being filed. There, the failure to file an affidavit was deemed harmless because the sheriff testified that service had been completed. This testimony amounted to "other competent proof" allowed by statute. (*In re Marriage of Passiales*, 144 Ill. App. 3d 629, 494 N.E.2d 541.) In contrast, in the case at bar, there is lacking both an affidavit and testimony that service on respondent had been completed.

In *Clemmons*, the court addressed service of process under section 13.1(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 13.1(1)), the forerunner of section 2—202 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—202). The case at bar involves section 2—208, not section 2—202 or section 13.1(1).

Section 2—202, formerly section 13.1, establishes: (a) who is authorized to serve process within the State of Illinois; (b) where service is to be made within the State of Illinois; (c) the penalty for failure to make a return of service within the State of Illinois; and (d) fees and costs that may be taxed for service made within the State of Illinois. Section 2—202(a), formerly section 13.1(1), provides that when an Illinois sheriff or coroner completes service, the return is to be endorsed on the summons, and when a private person completes service, the return is to be by affidavit. The court, in *Clemmons*, stated that the purpose of section 13.1(1), now section 2—202(a), was to make it more difficult to attack the return of a private process server.

*Clemmons* is distinguishable, because whereas *Clemmons* and section 13.1 dealt with service inside Illinois, this case and section 2—208 involve service outside Illinois. There are fewer limitations upon the assertion of jurisdiction over residents than when asserting jurisdiction over nonresidents. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—201 et seq.) For example, out-of-State service on an Illinois resident who has actual knowledge of the suit is effective even when plaintiff fails to file the officer's return until after service. (*Coronet Insurance Co. v. Jones* (1977), 45 Ill. App. 3d 232, 359 N.E.2d 786.) The same is not true, however, when service is attempted on a nonresident, for "[w]hile the State presumably has jurisdiction over its residents, this is not true of nonresidents. It is only in certain instances that our courts may reach out and touch citizens of other states [*sic*] and those occasions are enumerated by statute." (*Wells v. Braxton* (1967), 82 Ill. App. 2d 354, 362, 227 N.E.2d 137, 142.) Therefore, *Clemmons* has no application to the case at bar.

Since respondent is a Kentucky resident, section 2—208 requires that proof of service be made either by an affidavit or by "other competent proof." An affidavit is required to be signed and notarized because only by that signature and notary seal does the court have a guarantee of the authenticity of the signature. The authenticity of the signature gives the court assurance of the trustworthiness of the statement that has been made within the affidavit, namely, that service has been accomplished. Examining the facts of this case, we find that the purported "affidavit" was unsigned; thus, no statement that service had been accomplished was made. Since no

statement that service had been accomplished was made in the affidavit, the affidavit cannot amount to "other competent proof" that service had been accomplished.

We note that some cases hold that technical insufficiencies within an affidavit are not fatal. (See, *e.g., Kirby v. Jarrett* (1989), 190 Ill. App. 3d 8, 545 N.E.2d 965.) These cases, however, do not deal with affidavits that attest to proof of out-of-State service and are distinguishable on that fact.

All procedure, to some extent, is ritualistic. Rituals that are designed to move a case toward completion after a State's judicial power has been invoked serve purposes wholly different from rituals that are designed to invoke power itself. The former tend to be concerned with the myriad interests of the parties and the economy of the court. But, the latter touch the very cornerstone of the framework of American law—limitation of the power of the State. This case involves the invocation of a State's power over one not found within its borders, a special instance of limitation upon the power of a State. In the former there is less at stake; so-called technical insufficiencies can be tolerated. The same is not true in the latter. At stake in the latter is freedom from the power of the State, leading courts to brook no insufficiency. Therefore, those cases that forgive technical insufficiencies in affidavits have no application to this case.

In this case, section 2—208 requires a signed affidavit that is notarized by one authorized to administer an oath. Therefore, without a signature, the "affidavit" in this case lacks the minimum standard of trustworthiness and therefore has no effect.

There being no affidavit, the question becomes whether any "other competent proof" establishes the accomplishment of out-of-State service. There being no testimony, the only "other competent proof" consists of the handprinted material at the bottom of the face of the summons and the partially handprinted material and the check mark on its back. (See Appendices A and B.) The handprinted material at the bottom of the summons says, "Served William Howard Lewis on the 19th day of Oct. 1989 by T. Flora No. 406 D. S." The partially handprinted material on the backside of the summons includes a check mark and the words, "Jerry Gaines, Sheriff of Warren County, By: T. Flora (Deputy)."

We hold that the handprinted material on the summons is insufficient to assure the court that out-of-State service had been accomplished, because it is not authenticated, *i.e.*, anyone could have written it. Without authentication, it does not assure the court that the statement that service had been completed was trustworthy. Since

this case involves the invocation of the power of this State over a Kentucky resident, we can brook no technical deficiencies in the ritual that invokes that power—*i.e.*, the affidavit. Thus, neither an affidavit nor "other competent proof" of service existed. Because of the failure to comply with section 2—208, the circuit court lacked personal jurisdiction over respondent.

The circuit court entered a default judgment against respondent, dissolving the marriage and dividing marital assets, and refused to vacate the division of assets on respondent's motion. Respondent appealed, agreeing that the court had *in rem* jurisdiction to dissolve the marriage, but requesting that this court vacate that portion of the judgment that divided the marital assets because of the lack of personal jurisdiction. Since we hold that the circuit court lacked jurisdiction over respondent's person, we vacate that portion of the judgment that divided the marital assets and remand to the circuit court for further proceedings.

Affirmed in part; vacated in part and remanded.

LEWIS, J., concurs.

JUSTICE WELCH, dissenting:

I agree with the majority that personal jurisdiction over an out-of-State resident depends upon strict compliance with section 2—208 of the Code of Civil Procedure (*Wells v. Braxton* (1967), 82 Ill. App. 2d 354, 227 N.E.2d 137), and that section 2—208 requires that an affidavit of the server be filed stating the time, manner and place of service (Ill. Rev. Stat. 1989, ch. 110, par. 2—208). However, I disagree with the majority that the "Affidavit of Service" filed herein (see appendix C) did not constitute a valid affidavit within the meaning of section 2—208 because it was not signed.

An affidavit is simply a declaration, on oath, in writing sworn to before some person who has authority under the law to administer oaths. (*People v. Smith* (1974), 22 Ill. App. 3d 377, 380, 317 N.E.2d 300, 302.) Neither section 2—208 nor any other section of the Code of Civil Procedure nor any supreme court rule requires a signature if the identity of the affiant is otherwise sufficiently shown, as where he is named in the body of the affidavit. The majority points to no statute or case law requiring such a signature where the identity of the affiant is otherwise clear and the affidavit is properly sworn and notarized.

The majority states that the notarized signature is essential because it gives the court assurance of the trustworthiness of the statement that has been made within the affidavit. I disagree. It is the oath which gives the court assurance of the trustworthiness of the declaration contained in the affidavit. The signature only serves to identify the affiant and formalize the declaration before the notary. However, the affiant can be identified in the body of the affidavit and the declaration can be made to the notary in ways other than a signature. For example, an affiant may appear before a notary with an affidavit similar to the one in the case at bar and present the affidavit to the notary who, after confirming the identity of the affiant and that the declaration contained in the affidavit is true, notarizes the instrument. In such a case it is obvious that the affiant has made an affidavit and his signature adds nothing and is unnecessary.

In the instant affidavit, the name of the affiant is handwritten in the body of the affidavit by the affiant himself. Furthermore, the jurat recites that the declaration contained in the affidavit was subscribed and sworn to before the notary, a person authorized to administer oaths. The affidavit in question thus qualifies as a declaration, on oath, in writing sworn to before a person who has authority to administer oaths. Furthermore, the affidavit in question establishes that for which it is intended, *i.e.*, that T. Flora personally served the defendant with process at a particular location in the afternoon or evening of October 19, 1989.

Indeed, what more is required than that an individual appear before a notary public authorized to administer oaths and present a written declaration that he, the affiant, personally served the defendant with summons and a copy of the petition on a certain time and date at a certain location? That is precisely what is required by section 2—208 and is precisely what occurred in the case at bar. A signature at the bottom of the instrument, especially where the affiant's name is handwritten in the body of the affidavit by the affiant, would have added nothing more to the affidavit or the procedure and is not required by section 2—208.

Thus, while I recognize that service and return on an out-of-State defendant must comply fully with the requirements of section 2—208, I believe that, in the instant case, those requirements were fully complied with.