2025 IL App (1st) 241347-U

No. 1-24-1347

Order filed May 14, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DON GIBSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 L 2464 |
| | ) | |
| THE LAW OFFICES OF GOLDMAN & EHRLICH, and | ) | |
| ARTHUR R. EHRLICH, | ) | Honorable |
| | ) | Patrick T. Stanton, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Martin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1  *Held*: Appellant's complaint alleging legal malpractice is barred by the statute of limitations.

¶ 2  The circuit court dismissed plaintiff Don Gibson's complaint alleging legal malpractice against defendants, the Law Firm of Goldman & Ehrlich and Arthur R. Ehrlich, as barred by the statute of limitations, pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2022)).

¶ 3    On appeal, plaintiff argues that the circuit court erred by dismissing the complaint as untimely and by committing procedural errors.

¶ 4    For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 5                                  I. BACKGROUND

¶ 6    On June 28, 2019, this court issued a decision that upheld the decision of the Board of Education of the City of Chicago (Board) to terminate plaintiff Don Gibson's employment as a tenured teacher. *Gibson v. Chief Executive Officer of the Board of Education*, 2019 IL App (1st) 180673-U. Defendants, attorney Arthur R. Ehrlich and his law firm, had represented Gibson before this court. Defendants raised several arguments in support of the appeal, including that the Board improperly extended the remediation plan, had no authority to extend the time period for the remediation plan, failed to follow the remediation plan, failed to provide plaintiff with a consulting teacher for the entire remediation period, and failed to follow a fundamental part of the remediation plan. This court rejected each of the arguments raised by defendants on Gibson's behalf. Gibson received a copy of this court's decision in June 2019.

¶ 7    On March 7, 2024, Gibson sued defendants for malpractice, alleging they failed to make certain arguments to this court. Specifically, defendants allegedly failed to argue that the Board (1) failed to comply with "calendar requirements for completion of the ninety-day remediation plan," (2) had no authority to extend the remediation period, and (3) changed the required content of Gibson's final evaluation rating, resulting in a low teacher rating that led to his termination.

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 8     Defendants moved to dismiss the complaint under section 2-619(a)(5) of the Code, arguing that it was barred by the two-year statute of limitations.

¶ 9     In response, Gibson asserted that he was shocked and dismayed after receiving this court's decision in June 2019. He stated that in January 2020, he "decided to review the documents related to [his] termination," which included the rules for teacher evaluations, transcripts from his administrative hearing, the hearing officer's findings and recommendation for discharge, the appellate brief defendants submitted to this court on Gibson's behalf, and this court's decision. Furthermore, in February 2020, he began performing legal research into the issue of unlawful termination by employers. Then, from the spring of 2020 through the winter of 2022, he performed research and reviewed documents pertaining to his employment and administrative hearing. In January 2023, he filed a charge against defendants with the Illinois Attorney Registration and Disciplinary Commission (ARDC), alleging defendants failed to raise certain arguments to this court. On February 23, 2023, the ARDC informed Gibson that it had concluded its inquiry on his matter and determined to proceed no further.

¶ 10    In their reply, defendants argued that Gibson's admissions in his response indicated that he had sufficient notice of an injury and all of the relevant information to put him on notice that his injury was wrongful, as well as any errors or omissions by defendants, as of January 2020 at the latest.

¶ 11    On May 28, 2024, after hearing oral arguments from the parties and considering their written submissions, the circuit court granted defendants' motion and dismissed the case with prejudice as being untimely.

¶ 12    Gibson timely appealed.

¶ 13                    II. ANALYSIS

¶ 14    On appeal, plaintiff asks us to review whether the circuit court erred in granting defendants' motion to dismiss brought under section 2-619(a)(5) of the Code. Section 2-619(a)(5) provides that a defendant may file a motion for dismissal when an action has not been commenced within the time limited by law. 735 ILCS 5/2-619(a)(5) (West 2022). Section 2-619 is designed to afford litigants a means to dispose of issues of law and easily proven issues of fact at the onset of litigation. *Turner v. 1212 S. Michigan Partnership*, 355 Ill. App. 3d 885, 891 (2005). A motion to dismiss under section 2-619 admits the legal sufficiency of all well-pleaded facts but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83.

¶ 15    When ruling on a section 2-619 motion to dismiss, a circuit court must interpret all pleadings, affidavits, and other supporting documents in the light most favorable to the nonmoving party. *Caywood v. Gossett*, 382 Ill. App. 3d 124, 129 (2008). The defendant has the initial burden of proving the affirmative defense relied upon in its motion to dismiss. *Kirby v. Jarrett*, 190 Ill. App. 3d 8, 12 (1989) (explaining that a defendant raising a statute of limitations defense in a motion to dismiss bears the initial burden of demonstrating that the action in question was not commenced within the applicable limitation period). Once the defendant, however, has met this burden, it becomes incumbent upon the plaintiff to set forth facts sufficient to avoid the statutory limitation. *Cundiff v. Unsicker*, 118 Ill. App. 3d 268, 272 (1983); *Blair v. Blondis*, 160 Ill. App. 3d 184, 188 (1987) (explaining that a plaintiff seeking to come within the discovery rule exception to the limitations period has the burden of proving the date of discovery). We review *de novo* a circuit court's ruling on a 2-619 motion to dismiss. *O'Toole v. Chicago Zoological Society*, 2015 IL

118254, ¶ 16. Under the *de novo* standard, we consider the motion anew with no deference to the circuit court's ruling. *Muhammad v. Abbott Laboratories, Inc.*, 2022 IL App (1st) 210478, ¶ 22; *Schittino v. Village of Niles*, 2024 IL App (1st) 230926, ¶ 28.

¶ 16 The statute of limitations for a legal malpractice claim is two years from the time the plaintiff "knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13-214.3(b) (West 2022); *Carlson v. Fish*, 2015 IL App (1st) 140526, ¶ 23; see *Clay v. Kuhl*, 189 Ill. 2d 603, 608 (2000) ("Under the discovery rule, a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused."). A plaintiff should reasonably know of the existence of a claim when he "possesses sufficient information concerning an injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Carlson v. Michael Best & Friedrich*, 2021 IL App (1st) 191961, ¶ 81. "At that point, the burden is on the plaintiff to inquire further as to the existence of a cause of action." *Id.* "There is no requirement that a plaintiff must discover the full extent of his or her injuries before the statute of limitations begins to run. *Hoffman v. Orthopedic Systems, Inc.*, 327 Ill. App. 3d 1004, 1011 (2002). Moreover, the statute of limitations does not require the plaintiff to have "actual knowledge" of negligent conduct before the statutory period begins to run. *Brummel v. Grossman*, 2018 IL App (1st) 162540, ¶ 26; *Gale v. Williams*, 299 Ill. App. 3d 381, 387 (1998) ("[T]he discovery rule protects a plaintiff *only* until he knows or reasonably should know of the injury, not until he has actual knowledge." (Emphasis in original.)). "The issue [of] whether an action was brought within the time allowed by the discovery rule is generally resolved as a question of fact. [Citations.] The question may be determined as a matter

of law, however, when the answer is clear from the pleadings. [Citations.]" *Clay*, 189 Ill. 2d at 609-10.

¶ 17    Gibson contends that the date of discovery was January 10, 2023, *i.e.*, the date of his initial complaint to the ARDC. However, his complaint and response to defendants' motion to dismiss establish that he knew or reasonably should have known of his injury and that actionable conduct may have been involved no later than January 2020, when he reviewed this court's June 2019 decision and other documents, including the rules for teacher evaluations, transcripts from his administrative hearing, the hearing officer's findings and recommendation for discharge, and the appellate brief defendants submitted to this court on Gibson's behalf. His malpractice complaint is based on his belief that defendants failed to raise certain arguments in the appellate court brief and that this court would have ruled differently had those arguments been presented. Plaintiff's review of the documents in January 2020 would have clearly shown whether defendants had failed to present arguments about the Board extending the remediation period and failing to issue the final rating until the following school year. Thus, a reasonable person would have been on notice of his injury at this point and that it was wrongfully caused, and this would have required him to inquire further as to the existence of a cause of action. See *Carlson*, 2021 IL App (1st) 191961, ¶ 81. Although plaintiff argues that it was a question of fact as to whether the discovery rule applied to his complaint, a fact issue does not exist where "the facts are undisputed and only one conclusion may be drawn from them." *Moon v. Rhode*, 2016 IL 119572, ¶ 44; see *Zweig v. Miller*, 2020 IL App (1st) 191409, ¶ 26 ("knowledge that an injury has been wrongfully caused 'does not mean knowledge of a specific defendant's negligent conduct or knowledge of the existence of a cause of action.' " (quoting *Carlson*, 2015 IL App (1st) 140526, ¶ 23)). Accordingly, we conclude that

the circuit court properly dismissed plaintiff's March 7, 2024, complaint as not timely filed within two years of January 2020, the date he, at the latest, knew or should have known of his wrongfully caused injury.

¶ 18    Plaintiff also argues that the circuit court failed to follow the procedures at the May 23, 2024, hearing on the motion to dismiss, which procedures the circuit court allegedly had stipulated it would follow in its April 24, 2024, order setting the briefing schedule and hearing date. According to plaintiff, this meant that the judge would ask the parties questions or make comments on the matters the parties wrote in their submissions. Plaintiff's argument lacks merit; no such stipulation was made in the circuit court's April 24, 2024, order.

¶ 19    Plaintiff also contends that the circuit court failed to review plaintiff's written submissions because the judge brought two binders out to the bench but never opened the binders during the oral argument. This argument lacks merit. The circuit court's final decision states that the court reviewed the parties' written arguments and heard their oral arguments. Furthermore, the record does not contain a transcript or bystander's report of the May 23, 2024, hearing on the motion to dismiss. Plaintiff, as the appellant, has the burden of presenting a sufficiently complete record of the circuit court proceedings to support a claim of error, and, in the absence of such a record on appeal, the reviewing court will presume that the order entered by the circuit court was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). If there is no direct transcript of the proceedings, the appellant may prepare a bystander's report summarizing the events that occurred, but such report may not be included in the record unless it is certified by the court or unless the parties stipulate to it. Ill. S. Ct. R. 323(c), (d) (eff. Dec. 13, 2005). This court will resolve any doubts arising from the incompleteness of the

record against the appellant. *Foutch*, 99 Ill. 2d at 392. Accordingly, we reject plaintiff's argument that the circuit court committed procedural errors.

¶ 20                                    III. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court that dismissed plaintiff's complaint as untimely.

¶ 22    Affirmed.