THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LEE R. RAYMOND, Defendant-Appellee.

Second District   No. 2—89—0901

Opinion filed September 5, 1990.

Paul A. Logli, State's Attorney, and John S. Lowry, of Brassfield, Cowan & Howard, both of Rockford (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel J. Cain and Peter B. Nolte, both of Sreenan, Cain & Sullivan, P.C., of Rockford, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

The State appeals the order dismissing the indictment against defendant, Lee D. Raymond, who was charged with reckless homicide (Ill. Rev. Stat. 1987, ch. 38, par. 9—3). The State contends the trial court erred in granting defendant's motion to enforce a promise that

defendant would not be charged with that offense.

Defendant was originally charged in a separate proceeding with a misdemeanor offense of driving under the influence of alcohol (DUI) on December 1, 1988 (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). DUI is a Class A misdemeanor (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(c)), which may carry any sentence of less than a year's imprisonment (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—3(a)(1)). Defendant was charged in this proceeding with reckless homicide, which is a Class 3 felony (Ill. Rev. Stat. 1987, ch. 38, par. 9—3(d)(2)), which may carry a term of imprisonment of not less than two years and not more than five years, absent certain aggravating factors (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(6)).

Defendant's DUI proceeding was assigned to assistant city attorney Barton Henbest of Rockford. In prosecuting offenses under the Illinois Vehicle Code, Henbest was also a special assistant State's Attorney and often prosecuted misdemeanor DUI cases: Daniel Cain entered his appearance on behalf of defendant and discussed possible dispositions with Henbest. Henbest informed Cain that Henbest could not agree to any disposition of the case because Assistant State's Attorney John Lowry told him not to, as Lowry and he were still discussing whether to file felony charges. Later, Henbest informed Cain that Lowry told him the State would not file felony charges against defendant but would request the Secretary of State to revoke defendant's driver's license. Henbest did, in fact, send the requisite materials to the Secretary of State to effectuate a revocation.

The Secretary of State revoked the license, and Cain appealed the revocation and requested a hearing for March 10, 1989. Henbest brought several witnesses to the hearing. Cain examined defendant, and the attorney for the Secretary of State cross-examined him. Henbest was present for the hearing, which lasted five hours, with defendant's testimony alone taking one hour. The subject of defendant's testimony pertained to the charges pending in Winnebago County, including whether he had consumed alcoholic beverages and whether he had driven a car.

On April 5, 1989, defendant was indicted for reckless homicide, and Cain filed a motion to dismiss that charge or, in the alternative, to enforce an agreement with the prosecution. Defendant was present but did not testify. Henbest testified that there was no question that he told Cain there would be no felony charge brought. Assistant State's Attorney Lowry stipulated that Cain, if called to testify, would state that he relied on the representations of Henbest and advised defendant to testify in the license revocation proceedings and, had he

not received the representation, would not have advised his client to testify. The State also stipulated that Cain had always found statements made by the State's Attorney's office to be reliable. Cain stipulated that Lowry had no personal knowledge that defendant testified at the license revocation hearing.

The trial court found that, although there was no plea agreement, there was a material representation made to defendant by the State's Attorney's office, that defendant relied upon the representation to his detriment and that such reliance was reasonable. The court found defendant's fifth amendment rights of due process of law were violated, rendering the proceedings unconstitutional. The court also found the State received a benefit because defendant's testimony could be used against him for impeachment or rebuttal and because additional investigation may have occurred based on his testimony at the license revocation hearing. The court granted defendant's motion and ordered that there be no felony charges filed against defendant.

The State appeals and contends the trial court erred in dismissing the charges because there was no plea agreement. The State first contends that defendant's failure to testify is fatal to his motion. This argument is waived because the State did not raise it in the trial court. (*Kirby v. Jarrett* (1989), 190 Ill. App. 3d 8, 15.) Defendant was present in the courtroom and could have testified had the State objected to the stipulations relied upon by the trial court. The State never argued any infirmities of the proofs presented to the trial court and never objected to the sufficiency of the evidence, and, hence, this argument is waived.

The State also argues that, because there was no bargained-for exchange between the parties which ultimately led to a guilty plea, the trial court could not grant the motion. Plea agreements are enforceable where a defendant enters a guilty plea in reliance on a promise of a prosecutor. (*Santobello v. New York* (1971), 404 U.S. 257, 262, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499.) However, an agreement is not enforceable until a defendant actually prejudices himself. (*Mabry v. Johnson* (1984), 467 U.S. 504, 510, 81 L. Ed. 2d 437, 444, 104 S. Ct. 2543, 2548.) A promise by a prosecutor will not be enforced unless a defendant shows he has surrendered a constitutionally protected interest in reliance on the promise. *People v. Boyt* (1985), 109 Ill. 2d 403, 415.

Although prejudice usually occurs when a defendant pleads guilty (*People v. Umfleet* (1989), 190 Ill. App. 3d 804, 810), prejudice does not occur until a defendant in fact pleads guilty because a defendant has not prejudiced himself before the State actually revokes

its promise. (*People v. Navarroli* (1988), 121 Ill. 2d 516, 523.) However, entering a plea of guilty is not the only prejudice recognized as a surrendering of a constitutional right. In *People v. Starks* (1985), 106 Ill. 2d 441, 447, the State agreed to dismiss the charges if the defendant passed a polygraph test. By submitting to the polygraph examination, the defendant surrendered his fifth amendment privilege against self-incrimination. (106 Ill. 2d at 447.) Where a defendant falls short of surrendering a constitutional right, however, the promise cannot be enforced. *Navarroli*, 121 Ill. 2d at 527.

■ In the cause before the court, there is no question that defendant surrendered his constitutional right against self-incrimination; there is no dispute over the terms of the unambiguous promise; and the State does not contest that it benefitted from defendant's testimony. This cause differs from earlier cases because there is no bargained-for exchange for the State's promise. The State has cited no authority that a defendant may not rely to his detriment on a statement by the State where there was no bargained-for consideration. The State in effect argues that, because it did not receive consideration in return for its promise, the promise is not enforceable. However, a party may be estopped from asserting a lack of consideration where the promise induces actions to the other party's detriment. (*Bank of Marion v. Robert "Chick" Fritz, Inc.* (1974), 57 Ill. 2d 120, 124.) In this cause, the promise was unambiguous; defendant relied upon it; the reliance was reasonable; and defendant suffered detriment. Therefore, the State is estopped from asserting a lack of consideration. See *Yardley v. Yardley* (1985) 137 Ill. App. 3d 747, 754.

■ In addition, we believe that fundamental fairness dictates that the charges be dismissed. Defendant's right to a fair trial was impaired because he gave the testimony concerning the events underlying the indictment. (See *Navarroli*, 121 Ill. 2d at 529.) Even if the testimony was not proved to have led to the indictment and if the testimony were suppressed, there is no way of assuring that the testimony and the fruits thereof would not come to the trial judge's attention, thus compelling the defendant to elect a jury trial. (*Starks*, 106 Ill. 2d at 452.) Defendant has suffered prejudice and has relinquished his fifth amendment rights. Therefore, the charge of reckless homicide must be dismissed.

■ While the State did not purposely gain anything from its promise to refrain from charging defendant with a felony, it still must be accountable for its actions and its role in applying due process of law. "The staff lawyers in a prosecutor's office have the burden of 'letting the left hand know what the right hand is doing' or has done.

That the breach of agreement was inadvertent does not lessen its impact." (*Santobello*, 404 U.S. at 262, 30 L. Ed. 2d at 433, 92 S. Ct. at 499.) The impact here was substantial as defendant compromised his right against self-incrimination.

For the above reasons, the order of the trial court is affirmed.

Affirmed.

GEIGER and McLAREN, JJ., concur.