THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. ANTHONY F. PROVENZANO, Defendant-Appellee (The Department of Revenue, Appellant).

Second District   No. 2—93—0060

Opinion filed July 14, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Mark E. Wilson, Assistant Attorney General, of counsel), for appellant.

Michael O'Donnell and Donald N. Novelle, both of Serpico, Novelle, Dvorak & Navigato, Ltd., of Westchester, for appellee.

JUSTICE GEIGER delivered the opinion of the court: ·

Based on a negotiated guilty plea, the trial court entered a judgment convicting the defendant, Anthony Provenzano, of unlawful possession with intent to deliver cannabis (Ill. Rev. Stat. 1989, ch. 56½, par. 705(e) (now 720 ILCS 550/5(e) (West 1992))). The Department of Revenue (the Department), which was allowed to file a special and limited appearance when the defendant sought to specifically enforce his plea agreement with the State, appeals from the court's order that the Department release and dismiss a tax lien against the defendant. The Department argues that although the State's plea agreement with the defendant contemplated that release, the trial court lacked jurisdiction to order release of the lien. We vacate and remand.

The basic facts in this case are undisputed. In March 1991, the defendant was arrested when he sold 20 pounds of cannabis to undercover police. Subsequent searches turned up two cannabis "bricks" in the defendant's vehicle and an additional 100 pounds of cannabis plus $21,680 in his garage. The Department notified the defendant that, pursuant to the Cannabis and Controlled Substances Tax Act (the Act) (35 ILCS 520/1 et seq. (West 1992)), it had assessed him over $1.3 million in taxes and placed a lien for that amount on his personal and real property.

On March 12, the State's Attorney submitted a draft plea agreement to the defendant. It provided that the prosecutor would recommend a minimal sentence if the defendant would cooperate with the authorities, surrender his attorney's license, forfeit the money seized from him, and plead guilty. On March 21, the defendant's attorney sent the prosecutor a new draft agreement. That draft added a provision that the prosecutor agreed "that any and all forfeiture proceedings and liens placed against the personal and/or business or property accounts of [the defendant] by the Department *** will be released and dismissed *** [but that] should [the defendant] not fully cooperate and/or participate in the above referenced investigations, said forfeiture and liens will then be reinstated." The State admits it agreed to the defendant's proposal.

On March 27, the defendant was debriefed in furtherance of the plea agreement. On April 24, the Department partially satisfied its lien when it levied against the defendant's business account for $2,530.83. The defendant moved for specific enforcement of the plea agreement. In his supporting memorandum, the defendant claimed, and the State has not denied, that he also "was asked to arrange and participate in other narcotics transaction[s], to testify in grand jury proceedings regarding those transactions, and to testify at trial about other individuals involved in those transactions."

In its response to the defendant's motion, the State acknowledged the agreement and the defendant's cooperation. However, the State also noted that, despite its good faith in entering the agreement and its attempts in good faith to obtain a waiver of the Illinois tax lien, the Department had refused to release its lien. In conclusion, citing *People v. Navarroli* (1988), 121 Ill. 2d 516, the State asserted that the defendant was not entitled to specific performance of the plea agreement where he had not pleaded guilty in reliance upon it and where there had been no violation of his constitutional rights.

The Department filed a special and limited appearance to challenge the court's authority to order it to release its lien. At the conclusion of the November 25 hearing on the defendant's motion for specific performance, the court found that the defendant relied to his detriment on the plea agreement, giving up substantial constitutional rights, for example, by waiving his right to an attorney, by giving a full statement, by participating in additional illegal substance transactions, and by testifying in court. The court also found that the State's Attorney, being an agency and the attorney for the State, had the actual or apparent authority to bind the Department. The court granted the defendant's motion for enforcement.

On December 8, 1992, the defendant entered his guilty plea and the court sentenced him in accordance with the plea agreement. By a separate December 8 written order, the court ordered the Department to release its lien, to return the funds already levied upon, and to cease and desist from further enforcement conflicting with the plea agreement. The Department brought this appeal.

On appeal, the Department argues that only courts sitting in administrative review, which the trial court was not, have the authority to overrule the Department's executive decisions including the tax lien decision now at issue. It also argues that even if the court had jurisdiction to enforce the plea agreement, the defendant was not entitled to enforcement. According to the latter argument, the Department contends that although the defendant cooperated with the State in reliance on the agreement, he did not plead guilty in reliance upon it and his cooperation with the State did not implicate his constitutional rights.

The State is not participating in this appeal. The defendant argues first that the State's repudiation of its undisputed plea agreement constitutes a denial of due process which can be remedied only by specific performance of the agreement. In his second argument, the defendant challenges the Department's arguments (1) that because this is not an action in administrative review, the court lacked subject-matter jurisdiction to overrule the Department's exec-

utive decision on the tax lien; and (2) that the State's Attorney lacked the power or apparent authority to bind the Department on the matter of the tax lien. The defendant concludes with an unsupported alternative request: that we dismiss the indictment, finding that the Department's refusal to specifically comply with the plea agreement and release the lien deprives him of due process.

The Act, under which the Department's imposition of liens in this case was completed, sets a tax rate per gram or dosage unit of cannabis or controlled substance (35 ILCS 520/9 (West 1992)) and provides that no dealer may possess any covered substance without evidence that the tax has been paid (35 ILCS 520/5 (West 1992)). It also provides that one who violates the Act is guilty of a Class 4 felony and subject to a penalty of four times the tax amount, plus the tax due. 35 ILCS 520/10 (West 1992).

Under the Act, the Department generally shall have a lien upon all the real and personal property of any covered person for tax, penalty, or interest amounts due under the Act. (35 ILCS 520/15(a) (West 1992).) Section 16 of the Act provides the procedure whereby the Department shall determine and assess a tax and applicable penalties and interest; the amount so fixed shall be *prima facie* correct. (35 ILCS 520/16(a) (West 1992).) It further provides that upon issuance of such a jeopardy assessment the Department may file a notice of jeopardy assessment lien. (35 ILCS 520/16(b) (West 1992).) Thereafter, if the taxpayer believes that he does not owe some amount for which the lien has been filed, he may protest and request a hearing, whereupon the Department shall hold a hearing to determine whether its jeopardy assessment lien will be released. 35 ILCS 520/16(c) (West 1992).

Section 19 of the Act enumerates bases for full or partial release of liens: (1) if the Department determines that the release will not jeopardize the collection of the secured funds; (2) if on judicial review the court's final judgment is that the taxpayer does not owe some of the secured amount or that no jeopardy to the revenue exists; or (3) when the amount due is paid. (35 ILCS 520/19 (West 1992).) The Act also provides the procedure for the Department to secure both finalization of its assessment and a corresponding circuit court judgment for the amount in question, if the taxpayer does not seek or win on judicial review under the expressly adopted Administrative Review Law (Review Law) (735 ILCS 5/3—101 *et seq.* (West 1992)). 35 ILCS 520/16(c), 25, 26 (West 1992).

The Review Law provides that in all cases where an agency, by express reference, adopts the relevant Review Law provisions, "any other statutory, equitable or common law mode of review of decisions

of administrative agencies heretofore available shall not hereafter be employed." (735 ILCS 5/3—102 (West 1992).) It further provides that every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons. (735 ILCS 5/3—103 (West 1992).) In all relevant cases, jurisdiction to review administrative decisions is vested in the circuit courts, and a final circuit court decision is reviewable by civil appeal. 735 ILCS 5/3—104, 3—112 (West 1992).

In general terms, subject-matter jurisdiction is conferred on State courts by the Illinois Constitution or by legislative enactment. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210.) The constitution provides that circuit courts shall have such power to review administrative action as provided by law. (*Fredman Brothers*, 109 Ill. 2d at 210.) When a court is in the exercise of special statutory jurisdiction, that jurisdiction is limited to the language of the act conferring it and the court has no powers from any other source; if the statutorily prescribed mode of procedure is not strictly pursued, no jurisdiction is conferred on the court. *Fredman Brothers*, 109 Ill. 2d at 210.

●1 The statutory provisions that define the process to challenge the Department's final decision to assess a lien of the type in question here are clear. We find that the Department correctly argues that the circuit court in this case, which was not sitting in administrative review over the Department's final decision to assess the lien, and not following the statutorily prescribed procedure (see *Fredman Brothers*, 109 Ill. 2d at 210), lacked jurisdiction to disturb the lien.

We observe that despite the circuit court's general jurisdiction (Ill. Const. 1970, art. VI, § 9), that jurisdiction is not unbounded—even outside the realm of administrative review. For example, a trial judge has no authority to order the State's Attorney to file charges against an individual or to specify what charges should be filed. (*People v. Russell* (1992), 237 Ill. App. 3d 310, 313.) Also, if the trial court judge finds an insufficient factual basis to accept a defendant's guilty plea, or if he acts to avoid an obligation to comply with the sentencing requirements for the pleaded offense, the court has no authority to enter a finding of guilty of a lesser included offense to which the defendant has not entered a plea. *People ex rel. Daley v. Suria* (1986), 112 Ill. 2d 26, 33-35.

We consider the court's action here, of ordering the Department to release its lien, to be an impermissible exercise of administrative review jurisdiction. (*Fredman Brothers*, 109 Ill. 2d at 210; 35 ILCS 520/1 *et seq.*; 735 ILCS 5/3—101 *et seq.* (West 1992).) The statutes clearly provide the exclusive methods to challenge and secure release

of an administrative decision, including a decision like the Department's decision here, to impose its lien. Just as the court in *People v. Umfleet* (1989), 190 Ill. App. 3d 804, found that the Missouri court obviously lacked the power to enforce an agreement between the defendant and an official of the State of Illinois (*Umfleet*, 190 Ill. App. 3d at 813), we find in this case that the State's Attorney obviously lacked the authority to obligate the Department to release its lien. The court's authority upon hearing plea proceedings did not extend to the administrative order taken against the Department.

In reaching our conclusion, we find no merit in, and no need to extend comment on, the defendant's only sparsely supported counter-arguments: (1) that the Department displays a "haughty, arrogant, and disingenuous argument presum[ing] that the Circuit Court only has power to review administrative action in the context of administrative review proceedings"; and (2) that the Du Page County State's Attorney's office did not lack the power or apparent authority to bind the Department on the subject of the tax lien. Although the court has general jurisdiction and despite the arguments related to the State's Attorney's prosecutorial discretion and his role in representing the Department in other circumstances, we are aware of no basis by which the State's Attorney was empowered to bind the Department or by which the trial court acquired the authority to issue its order against the Department under these circumstances. The defendant cites no authority for the criminal court's authority to adjudicate the rights of any nonparty to a criminal case, let alone the rights of a nonparty administrative agency.

●2 While we find that the court lacked the authority to order the Department to release its lien, we also find that the defendant's due process rights did not support specific performance of the plea agreement. We note that although the defendant ultimately pleaded guilty in reliance on the trial court's order specifically enforcing the plea agreement, it is not the constitutional dimensions of that event that are our primary concern in this appeal. The defendant did not plead guilty prior to the court's announcement of the appealed judgment. Furthermore, we find no interim, preplea surrender of a constitutional right in reasonable reliance on the plea agreement.

In *People v. Navarroli* (1988), 121 Ill. 2d 516, upon which the Department relies, the court found that the defendant was not entitled to specific enforcement of the plea agreement. There, as in this case, the court found that the defendant had a plea agreement whereby he would act as an informant in various drug investigations and the State would agree to reduce its charges and punishment. When the trial court considered the defendant's request for specific

enforcement, the defendant had not yet entered any guilty plea. (*Navarroli*, 121 Ill. 2d at 529.) Further, as did the *Navarroli* court, we find that, despite his preplea cooperation with the authorities, the defendant had not made a change in position that could be considered "detrimental reliance" requiring specific enforcement as redress. See *Navarroli*, 121 Ill. 2d at 527-29.

The defendant attempts to distinguish *Navarroli* and the authorities upon which it relied. The focus of the distinction he would have us find is that he, unlike defendant Navarroli and unlike the defendant in *Mabry v. Johnson* (1984), 467 U.S. 504, 81 L. Ed. 2d 437, 104 S. Ct. 2543, who the Supreme Court found was not entitled to specific enforcement of the State's plea agreement, "was required to relinquish various constitutional rights in reliance of the agreement, well prior to the entry of this guilty plea." He claims, specifically, that he was compelled by the terms of the agreement to (1) engage in criminal activity; (2) disclose information directly incriminating him; and (3) be debriefed concerning the current charges.

We are unpersuaded by the defendant's reliance on *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495. In that decision, the Supreme Court said that when a plea rests at all significantly on a promise of the prosecutor, so that the promise can be said to be part of the inducement or consideration, the promise must be fulfilled. (*Santobello*, 404 U.S. at 262, 30 L. Ed. 2d at 433, 92 S. Ct. at 499.) With reference to the prosecution's failure to keep its agreement not to recommend a sentence, the *Santobello* court vacated the defendant's conviction. It remanded for the State court to determine whether the circumstances required specific performance of the agreement on the plea, *i.e.*, appropriate resentencing by a different judge, or allowing the defendant to withdraw his plea. *Santobello*, 404 U.S. at 262-63, 30 L. Ed. 2d at 433, 92 S. Ct. at 499.

The defendant also refers to the Illinois Supreme Court's decision in *People v. Starks* (1985), 106 Ill. 2d 441, which the *Navarroli* court distinguishes. There, the defendant claimed that the State had agreed to dismiss its case against him if he submitted to a polygraph examination and passed. The court found that by submitting to the polygraph the defendant had surrendered his fifth amendment right against self-incrimination (*Starks*, 106 Ill. 2d at 451), and that if the State made an agreement with the defendant, it was bound to abide by that agreement (*Starks*, 106 Ill. 2d at 452).

We do not find that either *Santobello* or *Starks* or, likewise, *People v. Schmitt* (1988), 173 Ill. App. 3d 66, *rev'd on other grounds* (1989), 131 Ill. 2d 128, upon which the defendant also relies, requires that the defendant in this case receive specific enforcement of his plea

agreement. None of those cases includes any discussion of an agreement, as the one here, that the prosecution lacked the authority to perform. *Santobello*, furthermore, also lacks any claim that some interim action by the defendant, action short of offering his plea, constituted a sufficient change in position to support specific enforcement. (*Santobello*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495.) Additionally, *Schmitt* is procedurally distinct, not dealing with a question of specific enforcement of a plea agreement. (*Schmitt*, 173 Ill. App. 3d at 101.) And the preplea actions upon which this defendant relies fall short of the example given by the submission to a polygraph, as was at issue in *Starks*, 106 Ill. 2d 441.

Unlike in *People v. Raymond* (1990), 202 Ill. App. 3d 704, upon which the defendant also places reliance, the promise at issue here was to take or foreswear action over which the prosecution had no independent control. While the prosecution's promise in *Raymond*— not to file felony charges, but to seek the revocation of the defendant's driver's license—was a promise that the defendant knew was in the prosecution's control, the promise regarding the Department's lien here is distinct. Despite any possibility that the prosecution here could succeed in persuading the Department, we find no basis upon which the defendant could have reasonably relied on the prosecution's promise regarding the Department's lien. Unlike the *Raymond* court, we do not find that the defendant's reliance on the promise here was reasonable. (*Cf. Raymond*, 202 Ill. App. 3d at 708.) Thus, in the absence of a guilty plea, or the surrender of a constitutional right in reliance on the plea agreement, specific enforcement was not available. (See *People v. Budinger* (1992), 230 Ill. App. 3d 279, 286.) We find no basis to affirm the trial court's order for specific enforcement.

•3 In his final arguments, the defendant urges that the tax lien in this case violates the constitutional protection against double jeopardy. We find, however, that the defendant has waived that argument by his failure to present it to the trial court. See *Premo v. Falcone* (1990), 197 Ill. App. 3d 625, 633.

•4 In finding that the defendant was not entitled to specific enforcement of the plea agreement, as ordered, and that the trial court's order affecting the Department was entered without authority and must be vacated, we distinguish the constitutional significance of the defendant's entry of his plea of guilty in reliance on the court's order granting specific enforcement. In that regard, we note that a plea of guilty made in reliance on the prosecution's unfulfilled promise is not voluntary. *Umfleet*, 190 Ill. App. 3d at 809.

Although in the absence of any supported argument (see 134 Ill. 2d R. 341(e)(7)) we decline to dismiss the indictment against the defendant, we remand the cause for the trial court to reconsider the

plea proceedings in light of our decision here. See *Umfleet*, 190 Ill. App. 3d at 814.

Based on the foregoing, we vacate the portion of the Du Page County circuit court's judgment ordering the Department to release its lien and otherwise specifically enforcing the plea agreement against the Department. We remand the cause for further proceedings.

Vacated in part; cause remanded.

WOODWARD and QUETSCH, JJ., concur.