OPINION
Appellant, FOE Aerie 2177 Greenville, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio State Liquor Control Commission ("commission"), that sanctioned appellant for violations of Ohio Adm. Code 4301:1-1-53 ("Rule 53"). For the reasons set forth below, we affirm.
On May 25, 2000, agents of the commission went to appellant's premises in Greenville, Ohio, to investigate a complaint of gambling. After entering the premises, the agents observed that appellant was conducting a gambling operation (sale of "tip tickets") on the permit premises in violation of Rule 53. Subsequent investigation revealed that appellant generated substantial revenue from the sale of tip tickets over a considerable period of time. Therefore, a notice of hearing from the Ohio Department of Public Safety was served on appellant informing it that an administrative hearing would be held before the commission to determine whether appellant's liquor permit should be suspended, revoked or forfeited for the alleged violations. The hearing was held on December 6, 2000.
In addition to the administrative action brought by the Ohio Department of Public Safety, the Darke County Prosecutor brought separate criminal charges against appellant for illegal gambling, pursuant to R.C.2915.02(A)(2) and 2915.03(A)(1), in the Darke County Court of Common Pleas. Ultimately, these charges were resolved by plea agreement between the Darke County Prosecutor and appellant.
Pursuant to the plea agreement, appellant pled no contest and was found guilty of one amended count of attempted operation of a gambling house, in violation of R.C. 2915.03(A)(1), a first-degree misdemeanor. The plea agreement provided that appellant would pay a $5,000 fine and make a $5,000 charitable contribution. The plea agreement also provided that the state of Ohio would "not proceed with other criminal or other administrative charges against [appellant], its officers and employees, as a result of its investigation(s) of May 25, 2000." The plea agreement was reached on November 27, 2000, shortly before the scheduled December 6, 2000 administrative hearing before the commission.
Neither the Ohio Department of Public Safety, Division of Liquor Control, nor the commission were parties to appellant's plea agreement. Nor does the record reflect that the Ohio Department of Public Safety, Division of Liquor Control, or the commission participated in or were even aware of the plea agreement.
In the December 6, 2000 administrative hearing before the commission, appellant requested dismissal of the administrative action based upon the plea agreement in the criminal case. That request was denied by the commission. The commission went on to find that appellant had permitted gambling on the premises in violation of Rule 53 and ordered it to pay a forfeiture of $71,000 or to serve a permit suspension of 355 days. Appellant appealed that decision to the Franklin County Court of Common Pleas, which affirmed the commission's decision.
The record does not reflect any attempt by appellant to withdraw its plea in the criminal case following the determination of the administrative action before the commission.
Appellant appeals to this court, assigning the following errors:
"I. The trial court erred in finding that the decision of the commission was supported by reliable, probative and substantial evidence and was in accordance with law in that the state's plea agreement precluded the presentation of further administrative charges against FOE arising from the investigation of May 25, 2000.
"II. The lower court erred in finding that the principle of double jeopardy did not bar the proceeding before the commission.
"III. The lower court erred in affirming the penalty portion of the commission's order which was not supported by reliable, probative and substantial evidence and is not in accordance with law."
In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. Reliable, probative and substantial evidence has been defined as follows:
"* * * (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571.
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675,680. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343.
Appellant contends in its first assignment of error that the commission's administrative action should have been dismissed as a result of the plea agreement in the criminal case. In that agreement, as noted earlier, appellant and the Darke County Prosecutor agreed that the state of Ohio would "not proceed with other criminal or administrative charges against appellant arising out of the investigation(s) of May 25, 2000." Appellant alleges that the commission breached the plea agreement by not dismissing the administrative action. The commission argues that it was not bound by the agreement because it was not a party to the agreement and because the Darke County Prosecutor did not have the power to bind the commission with respect to a matter exclusively within the commission's statutory authority.
A plea agreement is contractual in nature and is subject to contract law standards. State v. Butts (1996), 112 Ohio App.3d 683, 685-686; State v. Graham (1998), Franklin App. No. 97AP-1524. It is undisputed that the commission is not a party to the plea agreement and did not participate in the plea negotiations. However, appellant argues that the Darke County prosecutor, as an agent of the state, had the authority to act on behalf of the commission with respect to the administrative matter pending before the commission. For the following reasons, we find appellant's argument untenable.
A county prosecutor is an agent of the state for purposes of prosecuting crimes committed within his or her county. State v. Barnett (1998), 124 Ohio App.3d 746, 755. However, like any state agency, a county prosecutor's authority to contract is not unlimited. A B-Abell Elevator Co., Inc. v. Columbus/Central Ohio Building Constr. Trades Counsel (Sept. 30, 1993), Franklin App. No. 92AP-1540 ("state departments and agencies only have the limited power to contract which is delegated to them by the state legislature"); citing Accutemp, Inc. v. Longview State Hosp. (1983), 10 Ohio App.3d 223, 226 (Moyer, J., dissenting). "Some courts have even resolved that the state is not bound by the contract of a public agent which was not specifically authorized, although it related to a subject within the general scope of his powers." State v. The Lake Shore Michigan Southern Railway Co. (1895), 2 Ohio Dec. 300.
A county prosecutor's statutory authority is set forth in R.C. 309.08. Nothing in this statute expressly or implicitly gives a prosecutor authority to act on behalf of the state with respect to an administrative matter. The power to suspend or revoke a liquor permit rests with the commission. R.C. 4301.04 and 4301.25. Moreover, the Darke County Court of Common Pleas had no authority "to restrain the exercise of any power or to compel the performance of any duty [of the commission] under Chapters 4301 and 4303 of the Ohio Revised Code." R.C. 4301.31.
In the case at bar, the Darke County prosecutor simply had no authority to bind the state with respect to a non-criminal administrative matter lying within the exclusive province of the commission. See Fairview Park Fire Fighters Assn. v. Fairview Park (July 22, 1982), Cuyahoga App. No. 44662 (finding that city's law director had no authority to enter into consent agreement on behalf of city which fixed wages, a power vested with city council); cf. State v. HY-Lond Enterprises, Inc. (1979),93 Cal.App.3d 734, 751-753 (finding district attorney's plea agreement not binding to prevent State Attorney General from exercising its authority to bring appropriate actions against defendant); People v. Provenzano (1994), 265 Ill. App.3d 33, 38 (finding no authorization for county prosecutor to bind State Department of Revenue in plea agreement).
This court implicitedly acknowledged this principle in Papp v. State Adult Parole Auth. (Jan. 24, 2002), Franklin App. No. 01AP-892, wherein it suggested that, where a state administrative agency (the Ohio Adult Parole Authority ["OAPA"]) has exclusive authority over a non-criminal governmental activity (whether and/or when to grant parole), a county prosecutor was powerless to limit that authority through a plea agreement (distinguishing between when the OAPA must consider an inmate eligible for parole which is determined by the plea agreement, and whether and/or when the OAPA must grant parole to an eligible inmate which cannot be limited by a plea agreement).
We are cognizant of several cases from other appellate districts which have, in the context of plea agreements and their impact on when the OAPA must consider an inmate eligible for parole, used rather broad language in characterizing a county prosecutor as an agent of the state and a plea agreement as binding on the state. See Vendrick v. Ohio Adult Parole Auth. (Feb. 21, 2002), Cuyahoga App. No. 80030 ("a plea agreement is a contract which should be as binding on the state as on the defendant. The OAPA is an agency of the state which must honor the state's agreements."); Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99C417 ("a plea agreement is contractual in nature and subject to contract-law standards * * *. As part of an administrative agency created by the state, the OAPA is subject to contracts made on behalf of the state."); Lee v. Ohio Adult Parole Auth. (Apr. 7, 2000), Montgomery App. No. 17976 ("the Authority, as an administrative agency of the State, is bound by the plea agreement Lee made with the Montgomery County Prosecutor's Office"). However, these cases are distinguishable because, in each case, the plea agreement did not extend to areas outside the prosecutor's authority. The issue in these cases was whether the OAPA is bound by the convictions resulting from the plea agreement in determining when an inmate is eligible for parole. Parole eligibility is directly related to the criminal conviction, which is clearly within a prosecutor's statutory authority. Here, the non-criminal administrative action before the commission is separate from the criminal prosecution, and administrative authority over the liquor violation rests solely with the commission.
Not only did the Darke County prosecutor lack independent statutory authority to bind the commission, he also lacked actual or apparent authority under principles of agency to bind the commission. Actual authority arises when it is expressly granted to an agent by the principal or when it is implicitly granted as is reasonably necessary to carry into effect the power expressly conferred. Damon's Missouri, Inc. v. Davis (1992), 63 Ohio St.3d 605, 608, citing Spengler v. Sonnenberg (1913), 88 Ohio St. 192, 200-201. Similarly, in order for a principal to be bound by the acts of its agent under the guidelines of apparent authority, the Supreme Court of Ohio has stated that evidence must affirmatively show "`(1) that the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority.'" Geo-Pro Serv., Inc. v. Solar Testing Laboratories, Inc. (2001), 145 Ohio App.3d 514, 523-524, quoting Master Consolidated Corp. v. BancOhio Natl. Bank (1991), 61 Ohio St.3d 570,576-577.
There is no evidence showing that the principal in this case, the commission, expressly or implicitly granted authority to the Darke County Prosecutor to act on its behalf with respect to its statutory responsibilities. Likewise, there is no evidence that the Darke County Prosecutor had any apparent authority to bind the commission. The commission did not hold out the Darke County Prosecutor as an agent authorized to act on its behalf. As previously noted, the commission was not involved at all in the plea negotiations. Simply because the Darke County Prosecutor is an agent of the state for purposes of prosecuting crimes committed within his county, does not grant him authority to bind an administrative agency of the state. See Barnett, supra, at 755 (finding that one county prosecutor's office did not have apparent authority to bind another county prosecutor's office in plea agreement). Because the Darke County Prosecutor had no authority to limit the commission's ability to exercise its statutory authority, appellant's first assignment of error is overruled. Appellant's recourse, as noted by the trial court, lies with the Darke County Court of Common Pleas. See State v. Aponte (2001), 145 Ohio App.3d 607, 613-614 (allowing withdrawal of guilty plea when plea based on prosecutor's promise that was beyond its authority to fulfill).
Appellant's second assignment of error contends that the commission's administrative sanctions were barred by double jeopardy principles found in both the Ohio and the United States Constitutions. "The Double Jeopardy Clause provides that `no person [shall] be subject to the same offense to be twice put in jeopardy of life or limb.' " FOE Aerie 2347 v. Liquor Control Comm. (2001), Franklin App. No. 01AP-675, quoting Hudson v. United States (1997), 522 U.S. 93, 98. Ohio courts have historically treated the protections afforded by the Double Jeopardy Clauses of the Ohio and the United States Constitutions as co-extensive. State v. Gustafson (1996), 76 Ohio St.3d 425, 432, citing State v. Konicek (1984), 16 Ohio App.3d 17, 17-18.
Both clauses prohibit (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. Gustafson, supra, citing United States v. Halper (1989), 490 U.S. 435,440. Appellant has not been subjected to multiple prosecutions for the same offense. Rather, the commission imposed an administrative penalty on appellant arising from the same conduct that was criminally punished by the Darke County Court of Common Pleas. The Double Jeopardy Clause does not prohibit the imposition of all additional penalties that could, in common parlance, be described as punishment. Hudson, supra, at 98-99. Rather, the clause protects against the imposition of multiple criminal punishments for the same offense. Id.
Appellant contends that the commission's administrative penalty was criminal in nature. We disagree. "Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction." Id. at 99. Generally, a court should inquire whether the statutory scheme is so punitive either in purpose or effect that the intended civil remedy has been transformed into a criminal punishment. Id. To make that assessment, the Supreme Court examined "(1) '[w]hether the sanction involves an affirmative disability or restraint'; (2) `whether it has historically been regarded as a punishment'; (3) `whether it comes into play only on a finding of scienter'; (4) `whether its operation will promote the traditional aims of punishment-retribution and deterrence'; (5) `whether the behavior to which it applies is already a crime'; (6) `whether an alternative purpose to which it may rationally be connected is assignable for it'; and (7) `whether it appears excessive in relation to the alternative purpose assigned.' " Id. at 99-100, quoting Kennedy v. Mendoza-Martinez (1963), 372 U.S. 144, 168-169.
The sanctions imposed in this case are of the same nature as those this court held in FOE Aerie 2347, supra, to be non-criminal a monetary penalty in lieu of a temporary license suspension based upon the length of violation. In FOE Aerie 2347, the commission imposed two concurrent 100 day suspensions or, as an alternative, a $20,000 forfeiture. This court, after analyzing the factors discussed in Hudson, determined that the sanctions imposed by the commission were not criminal in nature. Therefore, we held that the additional sanctions imposed by the commission in that case did not violate double jeopardy prohibitions. We follow the analysis and reasoning in FOE Aerie 2347 and adhere to the proposition that the sanctions imposed by the commission are not criminal in nature and, therefore, not violative of double jeopardy prohibitions. Appellant's second assignment of error is overruled.
Appellant contends in its third assignment of error that the commission's penalty is excessive and not supported by reliable, probative and substantial evidence or is not in accordance with law. Again, we disagree. R.C. 4301.25 gives the commission the discretion to either suspend or revoke a liquor license when the permit holder violates any state liquor law. Once the commission properly determines there is a violation of the law, the commission has the discretion to impose various penalties, including revocation, and its decision cannot be disturbed on appeal if it is supported by reliable, probative and substantial evidence. The power of the Franklin County Court of Common Pleas to modify an order of the commission is limited to standards set forth in R.C. 119.12, and the court has no authority to modify a penalty by the commission. Only where the trial court determines that the order is not supported by reliable, probative and substantial evidence, will the court consider vacating, reversing, or modifying the order. Domsitz v. Liquor Control Comm., Franklin App. No. 01AP-810, 2002-Ohio-626 (citations omitted); see, also, Henry's Café, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233.
The parties stipulated to the facts underlying the Rule 53 violation. The facts supporting the Rule 53 violation were not contested possession of tip tickets (a gambling device) on the permit premises used for gambling activity. This court may not modify an authorized sanction if the decision is supported by reliable, probative and substantial evidence. Id.; Lindner v. Ohio Liquor Control Comm. (2001), Franklin App. No. 00AP-1430 (noting that as a "practical matter, courts have no power to review penalties meted out by the commission"); McCartney Food Market, Inc. v. Liquor Control Comm. (1995), Franklin App. No. 94APE10-1576 ("when considering appeals from decisions of the liquor control commission, * * * a court does not have the authority to modify the penalty or sanction imposed against a licensee if there is substantial, probative, and reliable evidence of violation of the applicable statutes"). Given the estimated revenue generated from this gambling activity, we cannot conclude that the penalty was excessive. Accordingly, appellant's third assignment of error is overruled.
Having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and BRYANT, J., concur.