IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 1, 2009

**STATE OF TENNESSEE v. DECARLOS RODGERS**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 05-04808     Paula Skahan, Judge**

---

**No. W2009-00588-CCA-R3-CD   -   Filed October 7, 2009**

---

The defendant, Decarlos Rodgers, pled guilty to possession of cocaine in an amount greater than 0.5 grams with intent to sell and convicted felon in possession of a handgun.  He was sentenced to twelve and two years, respectively, to be served concurrently as a Range II offender.  As a condition of his guilty plea, the defendant reserved a certified question of law pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure regarding whether the indictments against him should have been dismissed under a theory of promissory estoppel.  After review, we conclude that the questions are properly certified and that the trial court ruled correctly in denying the motion to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and CAMILLE R. MCMULLEN, JJ., joined.

Stephen R. Leffler, Memphis, Tennessee, for the appellant, Decarlos Rodgers.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; William L. Gibbons, District Attorney General; and Byron Winsett and Stacey McEndree, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In July 2005, the defendant was indicted in count one of possession of twenty-six grams or more of cocaine with intent to sell, in count two of possession of twenty-six grams or more of cocaine with intent to deliver, and in count three of convicted felon in possession of a handgun.

The trial court conducted a voir dire examination of the defendant on July 26, 2006, to determine his decision regarding an offer presented to him by a federal prosecutor.  The defendant acknowledged that he had two cases pending in state court, one involving a driving charge and the

other involving crack cocaine and felon in possession of a handgun. He also had a case pending in federal court on convicted felon in possession of a firearm, based on the same incident as the state charge. The defendant relayed his understanding that the state prosecutor had declined to make an offer but was deferring to the federal prosecutor who had made him an offer in which he would serve fifteen years on his state charges and eight to ten years on his federal charges, concurrently.

The defendant acknowledged that he understood if he rejected the federal offer, the federal prosecutor had intended to bring a superseding indictment in which all of his state charges, with the exception of the driving charge, would be tried in federal court. In response to his counsel's questions, the defendant further acknowledged that he understood the state prosecutors would then dismiss the charges against him and he would be prosecuted solely in federal court. The defendant was apprised that he faced significantly more exposure in federal court, but he declined the offer and said he would "take [his] chances over there."

The record indicates that the federal prosecutor brought a superseding indictment on November 28, 2006. A trial proceeded in federal court, and the defendant was found not guilty on the gun charge and the drug charges were dismissed with prejudice. Thereafter, the State proceeded with its case against the defendant.

On July 16, 2008, the defendant filed a motion to dismiss the prosecution against him on the ground of "prosecutorial estoppel," arguing that he rejected the federal court offer with the understanding that the State would dismiss its charges against him and all matters would be handled in the federal court. The trial court conducted a hearing on the motion on September 3, 2008. At the hearing, the defendant's state court trial counsel testified that she represented the defendant in state court in which the defendant was charged with possession with intent to sell and deliver cocaine and felon in possession of a handgun. She recalled that the defendant was also indicted in federal court on a gun charge, but when the defendant declined the offer, the federal prosecutor brought a superseding indictment that encompassed the drug charges as well.

State court counsel identified a letter she wrote to the defendant six days before the defendant's voir dire examination regarding the offer. In that letter, counsel informed the defendant that if he rejected the federal prosecutor's offer to settle his state and federal cases, "[his] wish that all [his] charges are prosecuted in one court will be granted. Once the superseding federal indictment is handed down, the State of Tennessee will enter nolle prosequi in your cases[.]" She explained that the State did not make the defendant an offer but instead was "waiting for the federal authorities to put an offer on all his cases." The offer was intended to "get rid of the State case," which appealed to the defendant because he no longer wanted counsel to represent him. State court counsel stated that her understanding that the state case would be dismissed if the defendant rejected the plea came from "the offer that was relayed to [her] from the prosecutor."

State court counsel recalled that the defendant's cases went to trial in federal court, and the jury acquitted him on the gun charge. The drug charge was dismissed because the federal indictment was incorrect, but she was not aware that it was dismissed with prejudice. Counsel identified a letter

she wrote to the defendant on July 2, 2007, informing him that the State had reviewed the transcript of his voir dire proceeding and decided to prosecute his state case.

On cross-examination, state court counsel said that the state prosecutor was the one who conveyed the federal offer to her but was not the one actually making the offer. She said that the state prosecutor never "object[ed] to [her] when [she] said [the state charges] would be dismissed." Counsel clarified that she first heard about the federal offer from the defendant's federal court attorney, and then the following day, the state prosecutor reaffirmed what the federal court attorney had told her. She acknowledged that the federal offer was never written up, and the defendant rejected it. Counsel testified that while the federal case was pending, she still reported in state court on the defendant's case. She acknowledged that during the period, she never filed a motion to dismiss based on her understanding of the federal offer.

The defendant testified that his understanding of the offer was that if he rejected it, the state case would be dismissed and he would be tried in federal court on all the charges. The defendant decided to take his chance in federal court, relying on his belief that he would not have to deal with the matter again in state court. On cross-examination, the defendant admitted that he had been arrested in state court several times before and had tried to get those cases dismissed. He denied trying to do the same in this case. He said that a prosecutor never told him that he would not be prosecuted in state court if he rejected the offer, only counsel told him that.

The state prosecutor testified that he represented the State during the voir dire hearing when the defendant rejected the federal plea offer. He recalled the offer was made by an assistant district attorney general who was on special assignment with the United States Attorney's Office ("federal prosecutor"). Although he could not recall the specifics of the voir dire, the record indicated that he "conveyed the offer that was written in the file." He said that he did not think he would have told counsel that the State would dismiss the indictment if the federal prosecutors brought a superseding indictment. The state prosecutor noted that there was nothing in the file about dismissing the case.

The federal prosecutor testified that he made an offer to the defendant to settle his state and federal cases. Asked if there were any promises or commitments that the State's case would be dismissed, the federal prosecutor said, "Not contained within this offer." He could not recall specifically but elaborated that "it would be contrary to anything [he had] ever done to offer to dismiss a pending State case as part of a . . . . federal prosecution." He elaborated that he "would be shocked if . . . anybody . . . would offer a dismissal of a pending State case when there's a pending federal case for the same case." He said that it was possible that a state case might be dismissed in the event of a federal conviction, but he could not see offering to dismiss regardless of what happened in federal court.

After the hearing, the trial court entered an order denying the defendant's motion to dismiss. The court observed that the "fatal flaw" in the defendant's argument was that he never entered into a plea agreement with either the state or federal prosecutor. Instead, the defendant rejected the offer; therefore, no contract was formed. The court noted that the doctrine of promissory estoppel cannot

be applied in the absence of a contract. The court found that the federal prosecutor did not promise that the defendant's state case would be dismissed and, assuming arguendo that he had, there was insufficient evidence to conclude that the defendant relied on that promise in rejecting the plea. The defendant then filed an application for an interlocutory appeal, which the trial court denied.

Although it is unclear from the record before us, according to the defendant, the trial in his state case began on February 17, 2009. The defendant's federal court counsel testified that he was appointed on that date to represent the defendant in federal court on the felon in possession of a handgun charge. He recalled that an offer of fifteen years on the state charges with the federal gun charge served concurrently was relayed to him by the U.S. Attorney's Office. Federal court counsel said that he thought the defendant understood the offer, and the defendant did not want the deal. Counsel stated that he probably discussed with the defendant that typically when there are state and federal charges arising out of the same facts, that state charges are usually dismissed once the offender pleads in federal court. Counsel testified that when he discussed the offer with the defendant, he also explained to the defendant that the federal prosecutor said he would bring a superseding indictment to include the drug charges if the defendant rejected the offer. Counsel did not recall discussing anything about the state case with the defendant other than what was in the offer.

On cross-examination, when read the transcript of the defendant's voir dire examination, federal court counsel testified that it would have been reasonable for the defendant to think the state case would be dismissed if he rejected the plea. On redirect examination, counsel said that in his experience, a defendant would want it in writing if an offer involved the dismissal of a case.

Thereafter, on February 19, 2009, the defendant pled guilty to possession of cocaine in an amount greater than 0.5 grams with intent to sell and convicted felon in possession of a handgun in exchange for concurrent sentences of twelve years and two years, respectively,[1] while properly reserving the following certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A) that is dispositive of this case:

> Whether the indictment in this matter should have been dismissed on the theory of promissory estoppel based on representations made to the defendant by his counsel in the presence of the State to the effect that the state prosecution would be dismissed if the defendant failed to accept an offer to settle both the state and federal charges then pending against the defendant (arising out of the same set of facts) and whether the defendant relied on those representations to his detriment.

## ANALYSIS

This court reviews a trial court's ruling on whether to dismiss an indictment under an abuse of discretion standard. State v. Harris, 33 S.W.3d 767, 769-70 (Tenn. 2000). "The abuse of

---

[1] Count two, possession of cocaine with intent to deliver, was dismissed.

discretion standard contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" State v. Coley, 32 S.W.3d 831, 833 (Tenn. 2000) (quoting State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999)).

Our supreme court has held that plea agreements are enforceable contracts once accepted by the trial judge. See State v. Howington, 907 S.W.2d 403, 407 (Tenn. 1995). Generally, when an agreement is accepted and later breached, the remedy is either specific performance of the agreement or restoration of the parties to pre-plea status. See State v. Mellon, 118 S.W.3d 340, 346 (Tenn. 2003). In this case, as noted by the trial court, the defendant rejected the plea offer; therefore, there was no contract formed between the parties.

Our supreme court has held that promissory estoppel is "'a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'" Alden v. Presley, 637 S.W.2d 862, 864 (Tenn. 1982) (quoting Restatement of Contracts, § 90). To state a successful claim for promissory estoppel, the asserting party must show that a promise was made and that it reasonably relied upon the promise to its detriment. Calabro v. Calabro, 15 S.W.3d 873, 879 (Tenn. Ct. App. 1999). The promise upon which the promisee relied must be unambiguous and not unenforceably vague. Amacher v. Brown-Forman Corp., 826 S.W.2d 480, 482 (Tenn. Ct. App. 1991). A claim of promissory estoppel is not dependent upon the existence of an express contract between the parties. EnGenius Entertainment, Inc. v. Herenton, 971 S.W.2d 12, 19 (Tenn. Ct. App. 1997). "The key element in finding promissory estoppel is, of course, the promise." Amacher, 826 S.W.2d at 482.

In this case, the State made no promise to dismiss the charges against the defendant in the event he rejected the federal plea offer and, as found by the trial court, neither did the federal prosecutor make such promise. The representation upon which the defendant allegedly relied was made by his counsel. Although the defendant places emphasis on the fact that the state prosecutor could have corrected counsel's statements during the voir dire if wrong, the State was not involved in the details of the plea negotiations and was only relaying what had been presented by the federal prosecutor.

The defendant offered the cases of Shaffer v. Morgan, 815 S.W.2d 402 (Ky. 1991), and People v. Raymond, 560 N.E.2d 26 (Ill. App. Ct. 1990), as persuasive authority in support of his argument. In Shaffer, the State agreed to and the trial court dismissed the defendant's case with prejudice. 815 S.W.2d at 403. The State later indicted the defendant for the same offense, and the Kentucky Supreme Court found that the State had reneged on the agreement upon which the defendant had detrimentally relied. Id. at 403-04. In Raymond, the State informed the defendant that felony charges arising out of a fatal traffic accident would not be filed against him, and the defendant thereafter voluntarily testified in a civil hearing regarding the revocation of his driver's license. 560 N.E.2d at 27-28. The defendant was in fact later indicted for reckless homicide, and he moved to dismiss the charge which the trial court granted. Id. at 28. The Illinois Appellate Court affirmed,

concluding that the State made an unambiguous promise, the defendant relied on the promise, the reliance was reasonable, and defendant suffered detriment. Id. at 29. In addition to being otherwise distinguishable, these cases contain one distinct element missing from the defendant's case – a promise made by the promisor against whom the claimant is trying to enforce the promise. We conclude that the trial court did not abuse its discretion in denying the defendant's motion to dismiss the indictment against him.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE